UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT W. VOGLER,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | :<br>:<br>:<br>:   Case No. 3:14-cv-928-JCH<br>:<br>:   Judge Janet C. Hall<br>:<br>:<br>:<br>: |

**DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS FOR LACK OF JURISDICTION**

The defendant United States of America submits the following memorandum in support of its motion to dismiss for lack of jurisdiction.

**BACKGROUND**

1.  Section 6694 of the Internal Revenue Code (Title 26) provides for the imposition of penalties against a tax return preparer who prepares a return with respect to which there is an understatement of liability. Section 6694(a) provides for a penalty for each return for which there is an understatement of liability due to an unreasonable position in the amount of $1,000, or 50 percent of the income derived (or to be derived) by the tax return preparer with respect to the return, whichever is greater. Section 6694(b) provides for a penalty for each return for which any part of an understatement of liability due to willful or reckless conduct in the amount of $5,000, or 50 percent of the income derived (or to be derived) by the tax return preparer with respect to the return, whichever is greater, reduced by any amount assessed under § 6694(a).

2.  On August 12, 2013, a delegate of the Secretary of the Treasury made four assessments against Robert Vogler for penalties for understatement of a taxpayer's liability for a return preparer (26 U.S.C. § 6694): two assessments related to the 2009 taxable year in the

amounts of $13,000.00 and $52,000.00 each, and two assessments related to the 2010 taxable year in the amounts of $13,000.00 and $52,000.00 each.  (Carroll decl. ¶ 2.)

3. On the date of each of the four assessments described in Paragraph 2, above, a delegate of the Secretary of Treasury sent notice of the assessment and demand for payment to Robert W. Vogler.  (Carroll decl. ¶ 3.)

4. On September 13, 2013, payments in the amounts of $7,800.00 and $1,950.00 were received and applied towards the understatement penalties referenced in Paragraph 2, above, related to the 2009 taxable year.  (Carroll decl. ¶ 4.)  On that same date, payments in the amounts of $7,800.00 and $1,950.00 were received and applied towards the understatement penalties referenced in Paragraph 2, above, related to the 2010 taxable year.  (Id.)

5. The payments referenced in Paragraph 4, above, equal 15% of the understatement penalties related to the 2009 and 2010 taxable years.  (Compl. ¶ 18.)  Robert Vogler has not fully paid any of the understatement penalties for those taxable years.  (Id.; Carroll decl. ¶ 5.)

6. On September 13, 2013, the IRS received an IRS Form 6118 (Claim for Refund of Tax Return Preparer and Promoter Penalties), which was postmarked September 10, 2013, and signed by Robert Vogler.  (Ex. A, Claim for Refund.)  The Form itself references only the penalty in the amount of $13,000 for the 2009 taxable year; it does not reference any of the other assessed penalties. (Id.)  A heading to the attachment to the Form references the years 2009 and 2010.  (Id.) ("REASONS FOR CLAIMING REFUND FOR THE YEARS 2009-2010.").  The body of the attachment does not reference any particular tax period.  (Id.)

7. There is no evidence that any IRS Form 6118 was received for the penalty in the amount of $52,000 for the 2009 taxable year, or for either of the two penalties for the 2010 taxable year.

8. On May 29, 2014, the IRS sent a disallowance of Robert Vogler's claim for refund. (Compl., Ex. A.) That letter references only an understatement penalty for the 2009 taxable year. (Id.)

9. On June 26, 2014, Robert Vogler filed this refund suit with the United States District Court for the District of Connecticut. (Docket no. 1.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "In resolving a motion to dismiss for lack of subject matter jurisdiction . . . a district court . . . may refer to evidence outside the pleadings." Id. In contesting a Rule 12(b)(1) motion, and any evidence in support thereof, the plaintiff has the burden of proving subject-matter jurisdiction. Id.

The United States moves to dismiss all claims in this refund suit for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that Robert Vogler has failed to establish this Court's jurisdiction under either 28 U.S.C. § 1346(a)(1), because he has failed to comply with the full payment rule of Flora v. United States, 362 U.S. 145 (1960), or with the limited exception to that rule contained in 26 U.S.C. § 6694(c)(2), because he has failed to follow the claim for refund or timely refund suit requirements of that subsection. In support of this motion, the United States relies on the declaration of John Carroll, the IRS Form 6118 (Claim for Refund of Tax Return Preparer and Promoter Penalties) submitted by Robert Vogler to the IRS, the facts as alleged in the Complaint, and the attachment to the Complaint.[1]

---

[1] The United States accepts the statements in the complaint as true only for purposes of this motion.

**ARGUMENT**

**I.     Robert Vogler Has Failed To Comply With The Full-Payment Rule Of <u>Flora</u>.**

A plaintiff may bring suit against the United States to recover any "tax alleged to have been erroneously or illegally assessed or collected . . . ." 28 U.S.C. 1346(a)(1). Prior to challenging a tax assessment through a refund suit in federal court under § 1346(a)(1), however, a taxpayer must file a timely and proper claim for refund. <u>See</u> 26 U.S.C. § 7422(a); <u>United States v. Dalm</u>, 494 U.S. 596, 601-02 (1990). In addition, a taxpayer generally must fully pay the tax assessment of which the taxpayer is seeking a refund. <u>Flora</u>, 362 U.S. at 175-77; <u>see</u> <u>Smith v. Shulman</u>, 333 F. App'x 607, 608 (2d Cir. 2009) ([T]he plaintiff was statutorily required to . . . pay the tax in full prior to filing suit in the district court."); <u>Falik v. United States</u>, 343 F.2d 38, 42 (2d Cir. 1965) ("[A] person whose sole claim is that a federal tax assessment was not well grounded in fact and law must 'pay first and litigate later.'").[2]

This "pay first, litigate later " procedure supports the notion that prompt collection of revenue is essential to good government (<u>Flora</u>, 362 U.S. 145; <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962)), and protects the Treasury against the diversion or loss of property while rights are being adjudicated (<u>United States v. Nat'l Bank of Commerce</u>, 472 U.S. 713, 721 (1985)). If the tax is not fully paid prior to the filing of the refund suit, the suit must be dismissed for lack of jurisdiction. <u>See</u> <u>United States v. Forma</u>, 42 F.3d 759, 763 (2d Cir. 1994) (citing <u>Flora</u>, 362 U.S. at 177) ("[Section] 1346(a)(1) has been read by the Supreme Court to require full payment of an assessed tax before a taxpayer can invoke the jurisdiction of the district courts for the refund of any portion of such tax."); <u>Magnone v. United</u>

---

[2] If a tax is a "divisible tax," however, there may be jurisdiction under § 1346(a)(1) even if the tax is not paid in full as long as the divisible portion of the tax is paid in full. <u>See</u> <u>Flora</u>, 362 U.S. at 176, n.38.

States, 902 F.2d 192, 193 (2d Cir.1990) ("The full payment rule requires as a prerequisite for federal court jurisdiction over a tax refund suit, that the taxpayer make a full payment of the assessment . . . .").

The plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 6694(c)(2).  (Compl. ¶ 3.)  The plaintiff, however, admits that only 15% of the assessed penalties were paid, and the IRS records show that the penalties have not been fully paid.  (Id. ¶ 18; Carroll decl. ¶ 5.)  Because Robert Vogler has not made a payment consistent with the requirements of Flora, there is no jurisdiction pursuant to 28 U.S.C. § 1346(a)(1), and thus the question is whether there is jurisdiction pursuant to the full-payment exception found in 26 U.S.C. § 6694(c)(2).

**II.     Robert Vogler Has Failed To Comply With 26 U.S.C. § 6694(c)(1) and (2).**

In any suit against the United States, "the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit."  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); see S.E.C. v. Credit Bancorp., Ltd., 297 F.3d 127, 136 (2d Cir. 2002) ("The United States, as sovereign, is immune from suit save as it consents to be sued . . . .").  Any consent to suit must be unequivocally expressed by Congress and is to be strictly and narrowly construed in favor of the United States.  United States v. Idaho, 508 U.S. 1, 7 (1993); United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992); United States v. Mitchell, 445 U.S. 535, 538 (1980).  "Sovereign immunity is jurisdictional in nature."  Meyer, 510 U.S. at 475.  As such, the plaintiff has the burden of establishing compliance with the waiver of sovereign immunity, and, if the plaintiff fails to do so, a suit must be dismissed for lack of jurisdiction.  Makarova, 201 F.3d at 113.

Section 6694(c)(2) provides a waiver of sovereign immunity where a tax return preparer has paid only 15% of the penalty imposed under that section, provided that the tax return preparer follows the requirements of that subsection and of § 6694(c)(1). Section 6694(c) reads, in pertinent part, that:

> (1) **In general.**--If, within 30 days after the day on which notice and demand of any penalty under subsection (a) or (b) is made against any person who is a tax return preparer, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2). [. . . .]
>
> (2) **Preparer must bring suit in district court to determine his liability for penalty.**--If, within 30 days after the day on which his claim for refund of any partial payment of any penalty under subsection (a) or (b) is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the tax return preparer fails to begin a proceeding in the appropriate United States district court for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty, effective on the day following the close of the applicable 30-day period referred to in this paragraph.

26 U.S.C. § 6694(c). In other words, if a tax return preparer (1) timely pays 15% of the penalty, and (2) files a timely claim for refund, as required by § 6694(c)(1), and (3) files a timely refund suit in the district court, as required by § 6694(c)(2), the tax return preparer may challenge the penalties in district court without having made full payment of such penalties. Here, because Robert Vogler (a) has failed to submit proper claims for refund with respect to three of the four assessed tax penalties in accordance with § 6694(c)(1), and (b) has failed to file a timely refund suit in accordance with § 6694(c)(2) with respect to the only penalty for which a claim for refund was made, this refund suit must be dismissed for lack of jurisdiction.

> **A.  Robert Vogler has failed to comply with the claim for refund requirements of 26 U.S.C. § 6694(c)(1) with respect to three of the four contested penalties.**

"If, within 30 days after the day on which notice and demand of any penalty under subsection (a) or (b) is made against any person who is a tax return preparer, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2)." 26 U.S.C. § 6694(c)(1).  In other words, "a tax return preparer against whom penalties have been assessed may bring an action challenging those assessments in district court, without full payment of the penalties, if, within 30 days after the assessment is made, he pays 15 percent of the penalties, and, thereafter, pursues an unsuccessful claim for a refund with the IRS."  Kline v. United States, 586 F. Supp. 338, 340 (N.D. Ohio 1984).  This subsection also prohibits the IRS from collecting the remaining tax owed through either a levy or a collection suit when the taxpayer complies with the requirements of the subsection.

Robert Vogler has not established that he made a proper claim for refund with respect to three of the four tax penalty assessments.  A claim for refund in regard to penalties assessed pursuant to 26 U.S.C. § 6694 must be made by submitting an IRS Form 6118 (Claim for Refund of Tax Return Preparer and Promoter Penalties) to the IRS.  26 C.F.R. § 1.6696-1(e).  With respect to any penalty assessed under § 6694, "a tax return preparer shall file a *separate claim* [for refund] for each penalty assessed in each statement of notice and demand issued to the tax return preparer."  Id. § 1.6696-1(c)(1) (emphasis added).  A failure to file a timely claim for refund in accordance with 26 C.F.R. § 1.6696-1 deprives a federal court of subject-matter jurisdiction.  See Powell v. Kopman, 511 F. Supp. 700, 703 (S.D.N.Y. 1981) (dismissing suit for

lack of jurisdiction where plaintiff failed to file a claim for refund in compliance with the Treasury Regulations); Kline, 586 F. Supp. at 340 (dismissing refund suit under § 6694(c) for lack of jurisdiction where plaintiff did not file a timely claim for refund); see also Kirsh v. United States, 258 F.3d 131, 132 (2d Cir. 2001) (dismissing suit for lack of jurisdiction where plaintiff failed to file a claim for refund in compliance with 26 U.S.C. § 7422(a)).

Robert Vogler received four separate notice and demand letters for each of the four tax penalty assessments made against him. (Carroll decl. ¶¶ 2, 3.) He was therefore required to file four separate IRS Forms 6118 with the IRS for each of the four tax penalty assessments. Robert Vogler only filed one IRS Form 6118 with the IRS. (Ex. A.) The Form itself references only the penalty in the amount of $13,000 for the 2009 taxable year; it does not reference any of the other assessed penalties. (Id.) There is no evidence that any IRS Form 6118 was received for the penalty in the amount of $52,000 for the 2009 taxable year, or for either of the two penalties for the 2010 taxable year. Because Mr. Vogler has only submitted on IRS Form 6118, this Court could only have jurisdiction with respect to only one penalty, and not with respect to the three other penalties.

Even if the Treasury Regulations permitted an IRS Form 6118 to include multiple penalties for which notices and demands were issued, the Form 6118 filed here was insufficient to put the IRS on notice that Robert Vogler claimed a refund for the other three penalties. Among other requirements, a claim for refund of a § 6694 penalty must include "[t]he identification, by amount, type, and document to which related, of each penalty included in the claim." 26 C.F.R. § 1.6696-1(d)(5)(i). At a minimum, a claim for refund must be "sufficient to enable the IRS to make an intelligent review of the claim." 303 W. 42nd St. Enterprises, Inc. v. I.R.S., 181 F.3d 272, 278 (2d Cir. 1999). If a claim for refund in regard to a penalty assessed

under § 6694 does not comply with the Treasury Regulations, dismissal of the refund suit in connection with such penalty is proper.  See Reiss v. United States, 983 F.2d 899, 900-01 (8th Cir. 1993) (affirming district court's dismissal of § 6694(c) suit where plaintiff's claim for refund did not meet the requirements of the Treasury Regulations); Finocchiaro v. United States, 1982 WL 11258, at *1 (Ct. Cl. Apr. 13, 1982) (dismissing § 6694 suit where plaintiff's claim for refund did not meet the requirements of the Treasury Regulations).

The only possible reference to penalties, other that the penalty in the amount of $13,000 for the 2009 taxable year, is a heading to the attachment to the Form 6118, which generally references the years 2009 and 2010.  (Ex. A) ("REASONS FOR CLAIMING REFUND FOR THE YEARS 2009-2010.")  That nondescript heading, however, does not properly identify any penalty "by amount, type, and document to which related."  The only penalty adequately identified on the Form is the penalty in the amount of $13,000 for the 2009 taxable year.  Indeed, in the disallowance of Mr. Vogler's claim, the IRS referenced only the 2009 taxable year.  (Compl., Ex. A.)  Therefore, even if the Treasury Regulations permitted an IRS Form 6118 to include multiple penalties for which notices and demands were issued, the claim for refund did not comply with 26 C.F.R. § 1.6696-1(d)(5)(i) with respect to any assessment except the $13,000 penalty assessment for the 2009 taxable year.  Because Robert Vogler failed to file proper claims for refund with respect to the other three penalty assessments that he is attempting to contest in this refund suit, there is no jurisdiction with respect to those penalties.

> **B.    *Robert Vogler has failed to comply with the timely refund suit requirements of 26 U.S.C. § 6694(c)(2).***

Although Robert Vogler may have complied with the payment and claim for refund requirements of § 6694(c)(1) with respect to one penalty, he did not comply with the timely refund suit requirements of § 6694(c)(2), and therefore this refund suit must be dismissed for

lack of jurisdiction on that ground.  "If, within 30 days after the day on which his claim for refund of any partial payment of any penalty under subsection (a) or (b) is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the tax return preparer fails to begin a proceeding in the appropriate United States district court for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty . . . ."  26 U.S.C. § 6694(c)(2).  In other words, in addition to the requirements of payment of 15% of each penalty and filing a claim for refund for each penalty, "[a]n action in district court must be brought within 30 days of the earlier occurrence of either the rejection of the claim by the IRS, or the expiration of six months after the claim is filed without a determination by the IRS."  Kline, 586 F. Supp. at 340.

　　The claim for refund was postmarked on September 10, 2013.  (Ex. A.).  As such, the document is deemed to have been received by the IRS on that date.  See 26 U.S.C. § 7502(a).  Six months, plus 30 days, from September 10, 2014, was April 9, 2014.  Robert Vogler did not file this refund suit until June 26, 2014.  (Compl.)  Consequently, he did not comply with the timely refund suit requirement of § 6694(c)(2).

　　If a tax return preparer fails to bring a refund suit within the applicable time period, as required by § 6694(c)(2), the provisions of § 6694(c)(1) "shall cease to apply with respect to such penalty."  26 U.S.C. § 6694(c)(2).  Because § 6694(c)(1) ceases to apply, the 15% payment exception to Flora provided for in that subsection ceases to apply, and thus § 6694(c)(2) cannot provide jurisdiction over the refund suit.  See Kline, 586 F. Supp. at 340 ("[P]laintiff having failed to follow the procedure set forth in 26 U.S.C. § 6694(c), this Court finds that it lacks subject matter jurisdiction over this action."); Mayo v. United States, 1982 WL 1652, at *1 (W.D. La. May 10, 1982) (dismissing suit where tax return preparer failed to bring a timely

refund suit in accordance with § 6694(c)(2)); O'Keefe v. United States, 1981 WL 1745, at *1 (D. Or. Jan. 2, 1981) (finding lack of jurisdiction under § 6694(c)(2) where tax return preparer timely paid and made a claim for refund, but failed to filed a timely refund suit).  Because Robert Vogler did not file a timely refund suit in accordance with § 6694(c)(2), the 15% payment exception to Flora has ceased to apply here, and this refund suit must be dismissed for lack of subject-matter jurisdiction.

In addition to the cases cited in the preceding paragraph, decisions construing a similarly-worded statute support the interpretation that failure to comply with § 6694(c)(2) requires the dismissal of an untimely filed refund suit.  Section 6703(c) of the Internal Revenue Code provides a mechanism for challenging penalties under 26 U.S.C. §§ 6700, 6701, and 6702 without full payment of the penalty.  Similar to § 6694(c), a taxpayer may bring a suit in district court under § 6703(c) if he or she pays 15% of the disputed penalty and meets certain other requirements.  In fact, the language of § 6703(c)(1) and (2) is virtually identical to the language of § 6694(c)(1) and (2), except that the term "person" is substituted for the term "tax return preparer."  For that reason, decisions interpreting § 6703(c) are useful in interpreting § 6694(c).

In examining the timely refund suit requirement of § 6703(c)(2), the Fourth Circuit observed that "if the taxpayer fails to comply with the 30-day requirement 'paragraph (1) shall cease to apply . . . ." Dalton v. United States, 800 F.2d 1316, 1318-19 (4th Cir. 1986) (quoting 26 U.S.C. § 6703(c)(2)).  Based on that language, the court concluded that "the 30–day requirement of § 6703(c)(2) is a limitation on the taxpayer's right to seek judicial review by paying only 15% of the penalty." Id. at 1319; see Humphrey v. United States, 854 F. Supp. 2d 1301, 1304-05 (N.D. Ga. 2011) ("[A] taxpayer can only avail herself of the 15% exception if she sues within 30 days of either (1) the IRS denying the refund claim or (2) the passing of 6 months

from when she filed for a refund (whichever is earlier)."). Accordingly, if a taxpayer does not comply with § 6703(c)(2), the refund suit must be dismissed for lack of jurisdiction. Korobkin v. United States, 988 F.2d 975, 976 (9th Cir. 1993) ("[O]nce a plaintiff misses the six-month-plus-30-day deadline [of § 6703(c)(2)], the district court lacks jurisdiction over the refund suit unless the taxpayer pays the entire penalty first."); Sacher v. United States, 1988 WL 572, at *1 (W.D.N.Y. Jan. 4, 1988) (dismissing untimely refund suit for lack of jurisdiction where plaintiff failed to comply with § 6703(c)(2)). Because the essential language of § 6694(c)(2) is the same as the language found in § 6703(c)(2), consistent with the cases cited above, this Court should hold that a failure to file a timely refund suit precludes judicial review of the merits of the § 6694 penalties here.

In finding that noncompliance with § 6703(c)(2) precludes judicial review, the Fourth Circuit rejected the lower court's holding, which had "construed section 6703(c)(1) and (2) to provide only that the government could collect the penalty if suit were not brought within 30 days." Dalton, 800 F.2d at 1318; see also Beard v. I.R.S., 624 F. Supp. 646, 647 (E.D. Tenn. 1985) ("[T]he gist of subsection (c)(2) is to prevent the Government from proceeding against a plaintiff for any back taxes or penalties in a situation where a partial penalty payment has been made and a claim has been filed with the Internal Revenue Service."). The district court's misinterpretation of the import of compliance with § 6703(c)(2) was likely due to a narrow focus only on the specific language in § 6703(c)(1) that reads that "no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2)." Such a narrow reading inaptly focuses only on certain language in § 6703(c)(1) rather than the more sensible reading adopted by the majority of courts, that **the whole of § 6703(c)(1)** ceases to

apply, thereby prohibiting refund suit jurisdiction at all. Indeed, "the 30-day requirement for bringing suit is a limitation on the right to seek judicial review of the penalty . . . [and] does not pertain merely to the government's right to collect the penalty." Dalton, 800 F.2d at 1318.

If a taxpayer fails to comply with the requirements of § 6703(c)(2), the "taxpayer must pay the full amount to satisfy the jurisdictional prerequisite recognized in *Flora*." Dalton, 800 F.2d at 1319; see Heyen v. United States, 1989 WL 13493, at *1 (D. Kan. Oct. 24, 1989) ("If a taxpayer fails to meet the 30-day filing requirement [of § 6703(c)(2)] . . . the taxpayer must pay the penalty and full and file an administrative claim for such amount as required by § 7422(a)."). Similarly, because Robert Vogler has not met the requirements of the § 6694(c)(2) exception to Flora, he must now satisfy the jurisdictional requirements of Flora in order to challenge the merits of the assessed § 6694 penalties. Unless and until he does so, this Court lacks jurisdiction over a refund suit in regard to such penalties.

## CONCLUSION

Robert Vogler has not paid the full amount of the assessed penalties, prohibiting jurisdiction under 28 U.S.C. § 1346(a)(1), and he has failed to comply with the jurisdictional requirements of 26 U.S.C. § 6694(c)(2) because he (a) has failed to submit proper claims for refund with respect to three of the four assessed tax penalties, and (b) has failed to file a timely refund suit. For these reasons, this Court lacks jurisdiction over this refund suit unless and until

Robert Vogler complies with <u>Flora</u> and files a refund suit in accordance with the requirements of 26 U.S.C. § 7422(a).

Dated: October 3, 2014

                                                  Respectfully submitted,

                                                  TAMARA W. ASHFORD
                                                  Acting Assistant Attorney General
                                                  Tax Division, U.S. Department of Justice

                                                  /s/ *Austin L. Furman*
                                                  AUSTIN L. FURMAN (phv02475)
                                                  Trial Attorney, Tax Division
                                                  U.S. Department of Justice
                                                  P.O. Box 55, Ben Franklin Station
                                                  Washington, D.C. 20044-0055
                                                  Telephone: (202) 307-2007
                                                  Email: Austin.L.Furman@usdoj.gov

*Local Counsel*:

DEIRDRE M. DALY
United States Attorney

ALAN M. SOLOWAY
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on October 3, 2014, I electronically filed the foregoing Defendant United States' Memorandum In Support Of Its Motion To Dismiss For Lack Of Jurisdiction. The document has been electronically served upon the following through the ECF system:

Jeffrey Sklarz, attorney for the plaintiff

       /s/ *Austin L. Furman*
      AUSTIN L. FURMAN (phv02475)
      Trial Attorney, Tax Division