# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT W. VOGLER | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff | : | 3:14 CV 00928 (JCH) |
| | : | |
| V. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Defendant | : | OCTOBER 31, 2014 |

**EXHIBITS TO**
**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**
**FILED BY DEFENDANT, UNITED STATES OF AMERICA**

**EXHIBIT A**       Vogler Declaration

**EXHIBIT B**       Revenue Agent Report and Report of Tax Return Preparer Penalty Case

**EXHIBIT C**       IRS Assessments

**EXHIBIT D**       Payments

**EXHIBIT E**       2009 Refund Request – Negligence Penalties

**EXHIBIT F**       2009 Refund Request – Willfulness Penalties

**EXHIBIT G**       2010 Refund Request – Negligence Penalties

**EXHIBIT H**       2010 Refund Request – Willfulness Penalties

**EXHIBIT I**       Certified Mailing Receipt

**EXHIBIT J**       Certified Mailing Delivery Confirmation

**EXHIBIT K**       3/4/2014 IRS Collection Letter

**EXHIBIT L**       1/23/2014 IRS Appeals Letter

**EXHIBIT M**       3/23/2014 CDP Request

**EXHIBIT N**       3/24/2014 Green-IRS Letter (Response to 1/23/2014 Appeal Letter)

**EXHIBIT O**       5/14/2014 IRS Appeals Letter (re: CDP Hearing)

**EXHIBIT P**        Refund Denial Letter

**EXHIBIT Q**        6/18/2014 Green-IRS Letter (re: CDP Hearing)

**EXHIBIT R**        2009 Taxpayer Transcript

**EXHIBIT S**        2010 Taxpayer Transcript

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROBERT W. VOGLER | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff | : | 3:14 CV 00928 (JCH) |
| | : | |
| V. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Defendant | : | |

**<u>DECLARATION OF ROBERT W. VOGLER</u>**

I, Robert W. Vogler, being over the age of eighteen years and believing in the sanctity of an oath, do hereby depose and say the following, of which I have personal knowledge:

1.      The following is true and accurate to the best of my knowledge and belief and I declare it to be so under the pain and penalty of perjury.

2.      I am an enrolled agent licensed to practice before the Internal Revenue Service ("IRS").

3.      From 1973 through 1978 I was an IRS revenue agent (auditor).

4.      My career began with the Economic Stabilization program administered by the IRS.

5.      Upon termination of this program, I was sent to Hofstra University for 16 weeks of intense training to become a Revenue Agent.

6.      I successfully completed my training and began my career with the IRS in its Stamford, Connecticut office.

7.      I was offered and accepted special training in tax shelters, fiduciary taxation and partnership taxation.

8.      Thereafter, I started my own tax practice in 1981 under the name of RWV Management Corp.  This company handled tax preparation for small businesses and individuals.

9.      Beginning in approximately 2007, I modified my practice and made the decision not to assist clients preparation or filing of payroll tax returns (such as preparation and filing of IRS Forms 940 and 941).

10.      I also decided to stop all preparation services related to payroll and to refer all clients to payroll services.

11.      Since its inception, my firm has provided tax return preparation services.

12.      Clients would typically bring tax preparation materials to the firm approximately 30 to 45 days prior to filing deadlines.

13.      Generally, client-provided materials were not sufficient to complete tax returns and additional information was needed.  Because this information was always provided after the close of the tax year, review of historical information was necessary to complete the client's tax returns.

14.      Thus, neither I nor the staff at my firm ever had the opportunity to review the current year's client data, because it was not provided in real time.  Rather, data was provided retrospectively.

15.      My practice would be to review tax data when it was assembled and complete. Again, this would occur after the end of the applicable tax year, for example, I would review 2009 data and prepare a 2009 tax return in 2010.

16.      A tax return cannot be prepared if the information is incomplete or does not represent the facts correctly.

17.    The role of a tax preparer is to ensure that the information provided by the client is accurately reported on the tax return.  A tax return preparer does not undertake any level of auditing or reviewing of client provided materials.

18.    Rather, a tax return preparer ensures that the data is accurate based on the books and records of the client and reported accurately to the government.

19.    As is typical when preparing tax returns for small businesses and their owners, tax information was not provided timely.

20.    Often, the firm had to file extensions for its corporate clients because materials were not ready to file, meaning that tax returns were generally filed in September or October of the year *after* the applicable tax period.  An extension for a corporate return necessitated an extension for their personal tax returns of the owners.

21.    In the 2009 and 2010 time frame, I assisted taxpayers with preparation and filing of federal income tax returns for so-called "subchapter S" corporations, using Form 1120S.

22.    A "subchapter S" corporation, or "S-corp." is a corporate business entity which is not taxed at the corporate level.  Rather, in general, the economic activity of the corporation is reported at the corporate level on a Form 1120S, but tax effects are recognized at the shareholder level.

23.    The preparation of tax returns, including Form 1120S, takes place after the close of the tax year.  Thus, the Form 1120S for 2013 for an S-Corp. would be prepared and filed on March 17, 2014 (or September 15, 2014 if an extension is filed).

24.    I acted as a "tax preparer" with respect to thirteen businesses (the "Tax Preparation Clients") organized as S-Corps. that are the subject of this lawsuit.[1]

---

[1] Plaintiff's Tax Preparation Clients are: Core Value Coaching, Newtown Traders Inc., New England Tree Inc., Customer Marketing Group LLC, Northeastern Supply LLC, Robert A. Pote Inc., Able Painting & Restoration LLC,

25.    I did not provide payroll related or tax advisory services for the Tax Preparation Clients.

26.    I always explained to all of my clients who owned S-Corps, that they were required to take a reasonable salary.

27.    On September 24, 2012 the IRS initiated an audit with respect to each Tax Preparation Clients.

28.    The IRS claimed that it was my job to ensure my clients took a "reasonable salary" for the S-Corps.

29.    However, I was only provided with the owners' salary information after the close of the tax year.

30.    Thus, I correctly reported on Form 1120S, for each Tax Preparation Client, the information I was provided based on the books and records of each Tax Preparation Client.

31.    I did not assist and/or consult with the Tax Preparation Clients with preparation of quarterly tax returns, such as a Form 941 employment tax return and, thus, did not know what my clients had paid themselves until after the close of the applicable tax year.

32.    Thus, until my clients told me what they paid themselves, after the applicable tax year ended, I was unaware of their salaries and had no input with them.

33.    On August 12, 2013 the IRS assessed preparer penalties against me under § 6694 for the 2009 and 2010 tax years.

34.    On September 10, 2013, I made four (4) separate payments (the "Payments") and filed four (4) separate refund requests (the "Refund Requests"):

    a.    $1,950 toward the 2009 negligence related penalty (DLN x13500);

---

JRS Remodeling LLC, Svenmedia Productions LLC, RT Builder Inc., Law Offices of Patrick Walsh LLC, Thomas A. Yates Stonework LLC, and Top Notch Painting LLC

    b.   $7,800 toward the 2009 willful and reckless conduct related penalty (DLN x13501);

    c.   $1,950 toward the 2010 negligence related penalty (DLN x13502); and

    d.   $7,850 toward the 2010 willful and reckless conduct related penalty (DLN x13503).

(Payments, <u>Exhibit D</u>, Refund Requests, <u>Exhibits E – H</u>.)

35.    The Payments and Refund Requests were sent to the IRS by way of two certified mail, return receipt requested.

36.    In one certified mailing were the two Payments and Refund Requests directed to the 2009 penalty assessments.

37.    I paper clipped each Payment to each Refund Request creating four separate packets.

38.    Thus, in the 2009 certified mailing envelope was a Payment and Refund Request for the negligence related penalty and Payment and Refund Request for the willful disregard penalty.

39.    Similarly, in the 2010 certified mailing envelope was a Payment and Refund Request for the negligence related penalty and Payment and Refund Request for the willful disregard penalty.

40.    The mailings were delivered to the IRS in Ogden, Utah.  (Certified Mailing Receipts, <u>Exhibit I</u>; Certified Mailing Delivery Confirmations, <u>Exhibit J</u>.)

**SIGNATURES ON THE NEXT PAGE**

**THIS SPACE IS INTENTIONALLY LEFT BLANK**

*Signed under penalty of perjury* this __30__ day of October, 2014.

_____
Robert W. Vogler

# **<u>EXHIBIT B</u>**

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function | Agreement |
|---|---|---|
| ▮▮▮▮▮▮ | SB/SE | ☐ Full    ☒ None |

| Name and title of person with whom penalty was discussed | Date of report | In reply refer to: |
|---|---|---|
| Barbara A Lederer | 11/05/2012 | B. LEDERER |

The following information identifies the tax return or claim for which penalty is being charged:

| Taxpayer's name and address | Taxpayer's social security or employer identification number | Tax period | Master file tax code |
|---|---|---|---|
| Core Value Coaching<br>6 Rebel Road<br>Westport, CT  06880 | ▮▮▮▮▮▮ | 200912 | 02 |

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer).<br>   IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns.<br>   IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|
| see attachment F886-A for case and preparer project details | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection -** I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|
| | |

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT  06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full    ☐ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/06/2012 | In reply refer to: |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br><br>Core Value Coaching<br>6 Rebel Road<br>Westport, CT  06880 | Taxpayer's social security or employer identification number | Tax period<br><br>201012 | Master file tax code<br><br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|

see attachment for case and preparer project details

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection -** I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT  06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>Full ☐   ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>Newtown Traders<br>2 Crooked Mile Rd<br>Westport, Ct  06880 | Taxpayer's social security or employer identification number | Tax period<br>2009 | Master file tax code<br>02 |
|---|---|---|---|

| **Kind of Preparer Penalty Charged** | **Amount** |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer).<br>   IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns.<br>   IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|
| see attachment for case and preparer project details | |

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection** - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full     ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br><br>Newtown Traders<br>2 Crooked Mile Rd<br>Westport, Ct 06880 | Taxpayer's social security or employer identification number | Tax period<br><br>2010 | Master file tax code<br><br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or to assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|
| see attachment for case and preparer project details | |

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection** - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**     Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the  understatement is due to willful or reckless conduct.  The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year.  For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN).  For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN).  An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared.  For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number.  The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person.  For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount.  (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim.  For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure.  For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns.  The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full   ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br><br>New England Tree Inc<br>235 Ethan Allen Highway<br>W. Redding CT  06896 | Taxpayer's social security or employer identification number | Tax period<br><br>2009 | Master file tax code<br><br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer).<br>    IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns.<br>    IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|

see attachment F886-A for case and preparer project details

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection** - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e))

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below Preparer is: | |
|---|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT  06896 | Employer preparer<br>Self-employed preparer<br>Employee preparer | ☐<br>☒<br>☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full    ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br><br>New England Tree Inc<br>235 Ethan Allen Highway<br>W. Redding CT  06896 | Taxpayer's social security or employer identification number | Tax period<br>2010 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer).<br>    IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns.<br>    IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |
| Other Information | Examiner's signature |

see attachment F886-A for case and preparer project details

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection** - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an

individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br><br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full   ☒ None |
|---|---|---|
| ▮▮▮▮▮ | | |

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address | Taxpayer's social security or employer identification number | Tax period | Master file tax code |
|---|---|---|---|
| Able Painting & Restoration LLC<br>29 Station Rd.<br>West Redding CT 06896 | ▮▮▮▮▮▮ | 2009 | 02 |

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |
| Other Information | Examiner's signature |

see attachment F886-A for case and preparer project details

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection** - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the  understatement is due to willful or reckless conduct.  The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount.  (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns.  The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full  ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>Able Painting & Restoration LLC<br>29 Station Rd.<br>West Redding CT  06896 | Taxpayer's social security or employer identification number | Tax period<br>2010 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer).<br>   IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns.<br>   IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |
| Other Information | Examiner's signature |

see attachment F886-A for case and preparer project details

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection** - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below<br>Preparer is: | |
|---|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Employer preparer | ☐ |
| | Self-employed preparer | ☒ |
| | Employee preparer | ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full    ☒ None |
|---|---|---|
| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>Robert A Pote Inc<br>PO Box 450<br>Georgetown , CT  06829 | Taxpayer's social security<br>or employer identification<br>number | Tax period<br>2009 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer).<br>    IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns.<br>    IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |
| Other Information | Examiner's signature |

see attachment F886-A for case and preparer project details

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection** - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an

individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e))

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN<br>████████ | Examining Area/Function<br>SB/SE | Agreement ☐ Full    ☒ None<br>In reply refer to: |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>Robert A Pote Inc<br>PO Box 450<br>Georgetown , CT 06829 | Taxpayer's social security or employer identification number<br>████████ | Tax period<br>2010 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer).<br>IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns.<br>IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|

see attachment F886-A for case and preparer project details

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection** - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full   ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>Northeastern Supply<br>73 Redding Rd.<br>Georgetown, CT  06829 | Taxpayer's social security or employer identification number | Tax period<br>2009 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|

see attachment F886-A for case and preparer project details

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection** - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the  understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount.  (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full  ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>Northeastern Supply<br>73 Redding Rd.<br>Georgetown, CT  06829 | Taxpayer's social security or employer identification number | Tax period<br>2010 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|

see attachment F886-A for case and preparer project details

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection -** I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>Full ☐   ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>JRS Remodeling LLC<br>134 Peaceable Ridge<br>Ridgefield, CT 06877 | Taxpayer's social security or employer identification number | Tax period<br>2009 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|
| see attachment F886-A for case and preparer project details | |

- - -

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection -** I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| ██████ PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full    ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>JRS Remodeling LLC<br>134 Peaceable Ridge<br>Ridgefield, CT 06877 | Taxpayer's social security or employer identification number<br>████████ | Tax period<br>2010 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---:|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|

see attachment F886-A for case and preparer project details

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection** - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e))

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

**Name and address of preparer**

Robert Vogler
C/o RWV Management Corp
PO Box 450
Georgetown, CT 06896

**Check one box below**
Preparer is:

Employer preparer ☐
Self-employed preparer ☒
Employee preparer ☐

**Preparer's PTIN, SSN, or EIN**
███████

**Examining Area/Function**
SB/SE

**Agreement**
Full ☐    In reply refer to: ☒ None

**Name and title of person with whom penalty was discussed**
Barbara A Lederer

**Date of report**
11/05/2012

**In reply refer to:**
Sal Coppola

**The following information identifies the tax return or claim for which penalty is being charged:**

**Taxpayer's name and address**

Svenmedia Productions llc c/o Christopher Swendsen
75 Armand Rd.Ridgefield CT  06877-3010

**Taxpayer's social security or employer identification number**
███████

**Tax period**
2009

**Master file tax code**
02

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

**Other Information**

see attachment F886-A for case and preparer project details

**Examiner's signature**

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection -** I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

**Preparer's signature**

**Date**

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

Name and address of preparer

Robert Vogler
C/o RWV Management Corp
PO Box 450
Georgetown, CT 06896

Check one box below
Preparer is:

| | |
|---|---|
| Employer preparer | ☐ |
| Self-employed preparer | ☒ |
| Employee preparer | ☐ |

Preparer's PTIN, SSN, or EIN
███████

Examining Area/Function
SB/SE

Agreement
☐ Full   ☒ None

Name and title of person with whom penalty was discussed
Barbara A Lederer

Date of report
11/05/2012

In reply refer to:
Sal Coppola

**The following information identifies the tax return or claim for which penalty is being charged:**

Taxpayer's name and address

Svenmedia Productions llc c/o Christopher Swendsen
75 Armand Rd.Ridgefield CT  06877-3010

Taxpayer's social security or employer identification number
████████

Tax period
2010

Master file tax code
02

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

Other Information

Examiner's signature

see attachment F886-A for case and preparer project details

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection** - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

Preparer's signature

Date

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function | Agreement |
|---|---|---|
| ▮▮▮▮▮▮▮ | SB/SE | ☐ Full   ☒ None |

| Name and title of person with whom penalty was discussed | Date of report | In reply refer to: |
|---|---|---|
| Barbara A Lederer | 11/05/2012 | Sal Coppola |

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address | Taxpayer's social security or employer identification number | Tax period | Master file tax code |
|---|---|---|---|
| RT Builder Inc<br>89 Midlebrook Farm Rd<br>Wilton CT  06897 | ▮▮▮▮▮▮▮ | 2009 | 02 |

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer).<br>    IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns.<br>    IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|
| see attachment F886-A for case and preparer project details | |

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection -** I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|
| | |

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an

individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full   ☒ None |
|---|---|---|
| ▮▮▮▮▮▮▮ | | |

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>RT Builder Inc<br>89 Midlebrook Farm Rd<br>Wilton CT  06897 | Taxpayer's social security or employer identification number<br>▮▮▮▮▮ | Tax period<br>2010 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer).<br> IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns.<br> IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|
| see attachment F886-A for case and preparer project details | |

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection -** I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|
| | |

**PART 3**    Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the  understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year.  For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN).  For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN).  An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared.  For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number.  The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared.  These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person.  For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check.  There is no maximum amount.  (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim.  For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure.  For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns.  The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full    ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>Law offices of Patrick Walsh, LLc<br>PO Box 382<br>Ridgefield CT  06770-0382 | Taxpayer's social security or employer identification number | Tax period<br>2009 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer).<br>    IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns.<br>    IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|

see attachment F886-A for case and preparer project details

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection** - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount.  (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full   ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>Law offices of Patrick Walsh, LLc<br>PO Box 382<br>Ridgefield CT  06770-0382 | Taxpayer's social security or employer identification number | Tax period<br>2010 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|

see attachment F886-A for case and preparer project details

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection -** I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e))

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement ☐ Full  ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br><br>Thomas Yates Stonework LLC<br>51 Cherry Lane<br>Wilton CT  06897 | Taxpayer's social security or employer identification number | Tax period<br>2009 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |
| Other Information | Examiner's signature |

see attachment F886-A for case and preparer project details

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection -** I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>Full ☐    ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br><br>Thomas Yates Stonework LLC<br>51 Cherry Lane<br>Wilton CT  06897 | Taxpayer's social security or employer identification number | Tax period<br>2010 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|
| see attachment F886-A for case and preparer project details | |

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection -** I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**    Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full    ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>Topnotch Painting LLC<br>78 arrowhead Way<br>Woodbury, CT 06798-2017 | Taxpayer's social security or employer identification number | Tax period<br>2009 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|
| see attachment F886-A for case and preparer project details | |

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection -** I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 per failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

Form **5816**
(Rev. April 2012)

Department of the Treasury — Internal Revenue Service

# Report of Tax Return Preparer Penalty Case

| Name and address of preparer | Check one box below |
|---|---|
| Robert Vogler<br>C/o RWV Management Corp<br>PO Box 450<br>Georgetown, CT 06896 | Preparer is:<br>Employer preparer ☐<br>Self-employed preparer ☒<br>Employee preparer ☐ |

| Preparer's PTIN, SSN, or EIN | Examining Area/Function<br>SB/SE | Agreement<br>☐ Full    ☒ None |
|---|---|---|

| Name and title of person with whom penalty was discussed<br>Barbara A Lederer | Date of report<br>11/05/2012 | In reply refer to:<br>Sal Coppola |
|---|---|---|

**The following information identifies the tax return or claim for which penalty is being charged:**

| Taxpayer's name and address<br>Topnotch Painting LLC<br>78 arrowhead Way<br>Woodbury, CT  06798-2017 | Taxpayer's social security or employer identification number | Tax period<br>2010 | Master file tax code<br>02 |
|---|---|---|---|

| Kind of Preparer Penalty Charged | Amount |
|---|---|
| A. Understatement of tax due to an unreasonable position. IRC Sec. 6694(a) | 1,000.00 |
| B. Understatement of tax due to willful or reckless conduct. IRC Sec. 6694(b) | 4,000.00 |
| C. Failure to furnish a copy of the return or claim to the taxpayer. IRC Sec. 6695(a) | |
| D. Failure to sign return or claim. IRC Sec. 6695(b) | |
| E. Failure to furnish identifying number on return or claim. IRC Sec. 6695(c) | |
| F. Failure to keep a copy or list of the returns or claims prepared. IRC Sec. 6695(d) | |
| G. Failure to file certain information returns. IRC Sec. 6695(e) | |
| H. Negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). IRC Sec. 6695(f) | |
| I. Failure to comply with EITC Due Diligence requirements. IRC Sec. 6695(g) | |
| J. Disclosure or use of information, other than to prepare or assist in preparing returns. IRC Sec. 6713 | |
| **Total penalties** | 5,000.00 |

| Other Information | Examiner's signature |
|---|---|

see attachment F886-A for case and preparer project details

---

**Note- Examiner Remove Appeals Message on Unagreed Cases**

I have read the information on the back of this form that explains these penalties as they relate to tax return preparers. I agree to comply with those provisions in the future.

**Consent to Assessment and Collection -** I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States District Court the findings in this report, therefore, I give my consent to the immediate assessment and collection of the tax return preparer penalty.

| Preparer's signature | Date |
|---|---|

**PART 3**

Form **5816** (Rev. 4-2012)  Catalog Number 24295B

In general, under IRC Sec. 7701(a)(36), any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax or any claim for refund, is considered a tax return preparer.

The penalties in A through J will be imposed against a tax return preparer in the appropriate circumstances for the conduct described below. The penalties in A, C, D, E, F, and G, do not apply if it can be shown that the failure to comply was due to reasonable cause and not due to willful neglect. The penalties in B, H, I, and J do not have a reasonable cause exception.

A. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to an unreasonable position. The penalty is the greater of $1,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement. (IRC Sec. 6694(a)).

B. A penalty is charged the tax return preparer for understating a taxpayer's tax liability when the understatement is due to willful or reckless conduct. The penalty is the greater of $5,000 or 50% of the income derived (or to be derived) by the preparer for the preparation of each return or claim that shows such understatement, less any penalty paid under IRC Sec. 6694(a). (IRC Sec. 6694(b)).

C. A penalty is charged the tax return preparer for not furnishing a copy of the return or claim to the taxpayer. The penalty is $50 for each return or claim not so provided, to a maximum of $25,000, with respect to documents filed in any calendar year. (IRC Sec. 6695(a)).

D. A penalty is charged the tax return preparer for failing to sign a return or claim when required to do so. The penalty is $50 for each return or claim not signed. The maximum penalty, with respect to documents filed during any calendar year, shall not exceed $25,000. (IRC Sec. 6695(b)).

E. A penalty is charged the tax return preparer for not providing the appropriate identification number on a return or claim. The penalty is $50 for each return or claim that does not show an identifying number, to a maximum of $25,000, with respect to documents filed in any calendar year. For an individual who prepares returns or claims filed on or before December 31, 2010, the identifying number is the individual's social security number or preparer tax identification number (PTIN). For an individual who prepares tax returns or claims filed after December 31, 2010, the identifying number is the individual's preparer tax identification number (PTIN). An individual who is employed by another preparer should also provide the employer identification number of his or her employer and the business address where the return or claim was prepared. For this purpose, the partner in a partnership is considered an employee and should use the partnership's employer identification number. The number must be entered on the return or claim in the space provided. (IRC Sec. 6695(c)).

F. A penalty is charged the tax return preparer for not keeping a copy or list of the returns or claims prepared. These records must be kept for 3 years. The penalty is $50 for each return or claim not recorded, with a maximum penalty of $25,000 for each return period. (IRC Sec. 6695(d)).

G. A penalty is charged the tax return preparer who employs (or engages) one or more tax return preparers for not retaining a record of the name, taxpayer identification number, and place of work of each preparer employed (or engaged) by the person. For this purpose, any signing preparer who is not employed by another preparer is treated as his own employer and any partnership is treated as the employer of its partners. The amount of the penalty is $ 50 for each such failure, with a maximum of $25,000 per person imposed for each return period. (IRC Sec. 6695(e)).

H. A penalty is charged the tax return preparer for negotiating or endorsing a refund check issued to a taxpayer (other than the preparer). The penalty is $500 for each check. There is no maximum amount. (IRC Sec. 6695(f)).

I. A penalty is charged the tax return preparer for failure to meet any of the four due diligence requirements with respect to determining the eligibility for, or the amount of, the of earned income credit on any return or claim. For returns and claims required to be filed on or before December 31, 2011, the penalty is $100 for failure. For returns and claims required to be filed after December 31, 2011, the penalty is $500 per failure. There is no maximum amount. (IRC Sec. 6695(g))

J. A penalty is charged the tax return preparer if information furnished to him for, or in connection with, the preparation of returns is disclosed or used for any other purpose other than to prepare or to assist in preparing returns. The penalty is $250 for each disclosure or use, with a maximum of $10,000 per person for any calendar year. (IRC Sec. 6713).

**Form 886-A**          **Volger Penalty Case Determination**

This determination, by Revenue Agent Barbara Lederer is based on the facts and circumstances of cases examined and includes both oral testimony and written evidence gathered during multiple examinations.

**Law:**
Understatement penalties relate to the preparer's application of the tax law to entries and positions on the return. In accordance with **IRC § 6694(a) and (b)**, the tax return preparer can be assessed a penalty only when there is an understatement of tax.

Small Business and Work Opportunity Tax Act of 2007 (SBWOTA) increased the penalty amount under IRC § 6694(a) and made it applicable with respect to **all tax returns**, amended returns and claims for refund, including estate and gift tax returns, generation-skipping transfer tax returns, **employment tax** returns, and excise tax returns

**Under IRC § 7491(c)**, the IRS bears the burden of production in any court proceeding with respect to the liability of any individual for a penalty. Under IRC § 7427, the IRS bears the burden of proof on the issue of whether the preparer **willfully** attempted to understate the tax liability.

Possible exception:
In the case of the IRC § 6694(a) understatement penalty, however, the **reasonable** cause exception will require the examiner's judgment.

**Brief Background**
Robert Vogler prepared 26 returns under consideration. All of these returns include audit adjustments to 1120S and related 1040s which resulted in employment tax due. In some cases tax was also due on the 1040s. Robert Vogler is an experienced enrolled agent and former IRS agent who has first hand knowledge of the Internal Revenue Code. Mr. Vogler prepared 1120S returns for 13 clients which had $0 officer compensation over a two year period. Mr. Vogler is aware of IRC 3121(d) which states all officers of corporations are employees, must receive a reasonable wage and pay the corresponding employment taxes. Mr. Vogler sent a client engagement letter to 10 of the 13 listed S corporations in Jan 2009 stating that compensation is required for all officers (see attached sample). Mr. Vogler has stated reasons why no wages have been taken to the revenue agents during the examination and later in the preparer interview, however there is no substantial authority to support these suggestions. Mr. Volger appears to be treating the S Corporations as if they were schedule C businesses. Mr. Vogler initiated the 1120S classification for many of the corporations under review. This treatment is not isolated and is present in all 26 returns. It also resulted in a material amount of tax liability due. Each case was closed as agreed by Vogler. Please see interview for further details.

1

**Form 886-A**        **Volger Penalty Case Determination**

<u>Application of law to the determination of Volger's preparer penalties</u>

<u>Definition:</u>
Any person (including a partnership or corporation) who prepares for
compensation all or a substantial portion of a tax return or claim for refund is
considered a tax return preparer.

*Robert Volger has been preparing taxes for compensation through his firm RWV
Management since the late 1980s and therefore qualifies as a return preparer and is
eligible for penalty consideration.*

**Penalty in question:**
6694(a) Understatement due to unreasonable positions
-any part of an understatement of liability was due to an unreasonable position

*There was no reasonable reliance on generally accepted industry practice as all S
corp are by law, IRC 3121(d), required to pay an officer a wage. Mr. Volger stated
that many of the corporations did not have sufficient net profits to afford to pay
wages. In each case the officers did take funds out of the corporation. These
amounts were classified as non taxable distributions or loan repayments  In many
cases there were additional nontaxable distributions even after a reasonable wage
adjustment had been made by the examiner. See attached excel worksheet for a
summary by case.*

 –a person who is an income tax return preparer with respect to that return
refund knew (**or reasonably should have known**) of the position, and

*It is unreasonable that a man of Mr. Vogler's education and background would not
know or understand the basic tax law requiring corporate officers be treated as
employees. Mr. Vogler addressed the need for 1120S corporation officers to declare
a wage in his engagement letters sent in Jan 2009 prior to the preparation of any
returns under exam. Mr. Vogler expressed his knowledge of this statutory code to
the examining agent.*

 – the position was not disclosed as provided in IRC § 6662(d)(2)(B)(ii) or had
substantial authority to support the position or was frivolous.

*Mr. Vogler made no disclosure as to his position for not taking officer wages on
any of the 26 returns prepared, filed and under exam. Also, there is no substantial
authority to support the position of no wages for officer of corporation, besides the
belief held by the preparer himself that net profits in excessive of amount
contributed should be used to calculate officer salaries. Clients relied on preparer
to know the technical issues of tax preparation. To an unsophisticated taxpayer he*

**Form 886-A**          **Volger Penalty Case Determination**

*is being taxed on the amount either through the flow through of higher profits or as a salary and would rely on his preparer to prepare returns accordingly.*

*There was no reliance on information provided by taxpayer or other source, it appears that preparer relied on himself and his knowledge in the tax preparation process.*

**The substantial authority standard** is an objective standard involving an analysis of the law and application of the law to relevant facts.   There is substantial authority, as prescribed by **Treas. Reg. § 1.6694-1(a)(2)** and  set forth in **Treas. Reg. § 1.6662-4(d)(3)(iii)**

*Taxpayer even stated that he closed the examinations as "agreed" because this position (of no officer wages) has never been won in a tax court case.*

**Exception for reasonable cause and good faith – Treas. Reg. § 1.6694-2(e)**
The penalty under IRC § 6694(a) will not be imposed if, considering all the facts and circumstances, it is determined that the understatement was due to reasonable cause and the tax return preparer acted in good faith.

<u>Nature of the error causing the understatement.</u>
*The determination of treatment of a shareholder of a corporation as an employee is not complex and the related employment tax amounts could be determined by ADP payroll services with which Mr. Volger has a relationship.  This omission of officer wages in an S corporation would have been apparent from a general review by most preparers.*

<u>Frequency of errors.</u>
*Frequency of error was high, it was not an isolated incident and was present in all returns examined.*

<u>Materiality of errors.</u>
*Employment tax decificiency of $212,854 to date of employment taxes due (there are other ongoing cases in process which will increase this amount. The related 1040 wages also caused tax effect on personal returns.*

<u>Tax return preparer's normal office practice.</u>
*There was adequate office procedures to catch this error.  Robert Volger reviews every return prior to sending.  He also utilizes the software Ultratax which has multiple flags and checks available.*

*Conclusion:*
*Penalty 6694(a) applies to all 26 cases under review as it has been determined that Mr. Vogler knew of the requirement to declare a reasonable wage for officers of an 1120S corporation.*

3

Form 886-A        **Volger Penalty Case Determination**

*The reasonable cause exception was not met in that preparer relied upon himself, no third party advise, it was not an unintentional error, and the complexity of issue is not beyond the scope of the preparer who has shown knowledge of requirement many times through out interview.*

**IRC § 6694(b) applies if:**
   1. **There was an understatement**

*In every case examined the non compliance of IRC 3121(d) resulted in employment taxes being due and in some cases a personal ta xliability on the client's 1040. The Small Business and Work Opportunity Tax Act of 2007 (SBWOTA)...made (preparer penalties) applicable with respect to all tax returns..., including... employment tax returns.*

   2. Any part of the understatement was due to a ~~willful~~ willful attempt by an income tax return preparer

*Mr. Volger disregarded the same statutory requirements in over 26 returns. This consistency demonstrates that it was intentional (willful) and not an isolated exception. Mr. Vogler stated that his clients wanted the lowest tax liability and that they knew it would be more expensive to tax wages. This is not a reasonable position as Mr. Vogler's clients depended on him and his knowledge to correctly and accurately prepare their tax returns. It is not his place to decide which IRC sections should or should not be followed but to instruct his clients as to the correct and statutory requirements for their tax entity.*

**OR**
3. Reckless or intentional disregard of rules or regulations by an income tax return preparer

*Mr. Volger has demonstrated a knowledge of the IRC 3121(d) requirements, as was displayed both in writing to his clients in a Dec. 31 2008 engagement letter and verbally to the Revenue Agent. This treatment of officers is statutory and a man of his education and experience should have known and applied this ruling during his tax preparation. Mr. Volger disregarded this statutory ruling in over 26 returns. This consistency demonstrates that it was an intentional disregard of rules and regulations and not a one year exception. Mr. Vogler stated that his clients wanted the lowest tax liability and that they knew it would be more expensive to tax wages. This is not a reasonable position.*

*Mr. Volger's excuse of receiving books and records late is irrelevant as he had multiple years of experience with each client examined and still no reasonable effort was demonstrated to estimate or use prior year information to determine a wage amount. In some cases he was able to calculate estimated personal tax payment for clients and yet he stated that he didn't have information by Jan to issue employment returns. Also in each and every case the taxpayers did take money out of the company during the year and this was known to Mr. Volger. He chose to classify these withdrawals as loan repayments*

4

**Form 886-A**        **Volger Penalty Case Determination**

*and or non taxable distributions. Mr. Vogler did not make any attempt to demonstrate
why these clients had a position contrary to the ruling.*

*Conclusion:*
*Penalty 6694(b) applies to all 26 cases under review as it has been determined
that Mr. Vogler knew of the requirement to declare a reasonable wage for
officers of an 1120S corporation but willfulyl, negligently and intentionally
disregarded this requirement in an ongoing basis in order to reduce his clients
total tax liability.*

---

## CASE SPECIFICS

**1.Core Value Coaching**
**Per rep:**
Repeat client, only for tax prep.  Books and records are slips of papers given at last minute.
No quickbooks,  business declining, life coach
Low gross receipts, has $ from mother
Case closed agreed accepting wages

Alleged client engagement letter sent prior to 2008 return prep  fees of $2,600.

**Fact check by RA:**
Gross receipts are about $50,000 in each year
No wages were taken by sole shareholder in either year as filed.
Profit 2009  $20,894
Profit 2010  $32,230
Distribution 2009 $17,367 taken out of corporation by shareholder
Distributions 2010 $22,432 taken out of corporation by shareholder
Case closed agreed accepting wage adjustments.

**2.Newtown Traders**
**Per rep**
Officers are now taking wages in 2012
Retired and uses $ from personal IRA to put into business as needed
Loans were not accepted, on balance sheet
Officer puts more into the business than takes out
Case closed agreed however rep feels wages were still too high

Alleged client engagement letter sent prior to 2008 return prep

**RA Fact check:**
Profit 2009 $ 69,164
Protif 2010 $116,475

5

**Form 886-A**        **Volger Penalty Case Determination**

Loans to sh 2009 $127,611
Loans to sh 2010 $ 286,463
No wages were taken by shareholder in either year as filed.
Case closed agreed accepting wage adjustments of $66,000 in each year

Conclusion:
Preparer had knowledge of officer compensation IRC.
S Corp was profitable even after officer compensation
Loans to shareholder were increasing as officer was withdrawing funds.

**3.New England Tree**
**Per rep**
S Corp is a year round management company, with RWV doing books
Client is not timely and is always on extension, books are 4/5 months behind
Information was not available for 4th quarter calculation if co. was profitable
Officer's sister kept books and gave information to RWV
Small profit
Withdrawals by officers were irregular, maybe 1x month
Struggling with cash flow
RWV doesn't look at books during year only at year end
When comparing profit to withdrawals RWV stated that client "didn't make enough to declare"
Never considered using historical data
Client thought that penalties would be too high with late filing of employment returns.

**RA fact check:**
2009 profit $89,922
2010 profit $47,899
Distribution 2009 0
Distribution 2010 $86,726
No wages were taken by shareholder in either year as filed.
Case closed agreed accepting wage adjustments of $35,000 in each year

**4.Custom Marketing Group LLC**
**Per rep**
A real complainer, Customers don't pay timely
Husband and wife both work in Corp
Officer puts $ in every month
No profit
Tightwad, refuses to have salary, warned in 2009 and is now on payroll after examination's adjustments set precedent
Rep is ok with amount of payroll
Client is timely with books and write up
**RWV prepares estimated taxes for taxpayers**
Client is looking for lowest tax rate
Preparer allowed no compensation.

**Form 886-A**         **Volger Penalty Case Determination**

**RA fact check:**
Profit 09  $75,714 before salary adjustment
Profit 10   $ 72,077 before salary adjustment
Distributions in 2009 $142, 363
Distributions in 2010 $84,934
No wages were taken by shareholder in either year as filed.
Case closed agreed accepting wage adjustments of $75,000 in each year

   5.  **North Eastern Supply**
**Per rep:**
Out of business
Sold rocks in small amounts to contractors
Has a gambling problem, lost house and is in bankruptcy
Company had net loss
Officer was living off credit

**Ra fact check**
2009 profit $37,986
2010 profit $40,979
Distributions 2010 $44,345
No wages were taken by shareholder in either year as filed.
Case closed agreed accepting wage adjustments of $20,000  in each year

**6. Robert A Pote**
**Per rep**
Complainer, delivers fuel, data is provided late
Multiple surgeries
Profitable company
Not bookkeeping client, reviewed at year end only
Estimates for personal returns done!

RA fact check
2009 profit $57,209
2010 profit $50,891
Distributions 2009 $55,706
Distributions 2010 $40,393
No wages were taken by shareholder in either year as filed.
Case closed agreed accepting wage adjustments of $56,000  in each year

**7.Able Painting**
**Per rep**: Quick book user,  wife does books and messes up
Once a year contact
Loans taken in and out of company
High end painter, competition is hurting business
Husband and wife work for corp.

**Form 886-A**        **Volger Penalty Case Determination**

Formal loan was disallowed by examining agent
2 or 3 months late
Client does not want to file a delinquent employment tax return and incur additional
penalties
Officers are now on payroll 2012

**RA fact check**
2009 profit $57,275
2010 profit $70,917
2009 loans to shareholder $88,214
2010 loans to shareholder $156,255
No wages were taken by shareholder in either year as filed.
Case closed agreed accepting wage adjustments of $90,000 in each year

**8.JRS Remodeling**
Per Rep:
No longer client
No comp taken probable loss
RWV helped set up initial year of S Corp
Younger man did homework did not additional cost of payroll

RA Fact check:
Profit 09 $109,000 before salary adjustment
Profit 10 $ 44,105
Loans to shareholder $149,044
Loans to shareholder $ 208,900
No wages were taken by shareholder in either year as filed.
Case closed agreed accepting wage adjustments of $ 67k in 2009 and $60k in 10

**9.Svenmedia**
Per Rep:
Once a year client
Data comes in late, shareholder travels
Uses the Draw account
Preparer sorts business and non business expenses.

RA Fact check
2009 profit 193,285 prior to salary adjustment
2010 profit $184,927
Distribution 2009 reported 0 (adjusted $112,476)
Distribution 2010 reported $217,483
Adjustments in both years resulted in tax due on 1040s
No wages were taken by shareholder in cither year as filed.
Case closed agreed accepting wage adjustments of $ 55,657 in each year

**10. RT builders**

**Form 886-A**        **Volger Penalty Case Determination**

Net losses in all years
Prior years in appeals with same officer comp issue (2005, 2006 & 2007)
Formal notes written but disallowed by examiners due to non compliance
Sold personal residence and deposited $400,000 in prior years, living expenses are run
through RT Builders and are not distribution, but the use of personal income .
NOL
2009 and 2010 returns were prepared after examination of prior years was started and
preparer full knew that the officer comp issue was present.
Basis was established at over $1million during examination
RWV was kicked off case and did not find out final appeals results
RWV feels statue should not be allowed to force corporations into NOLs as a result of
salary to officer, that is unreasonable, he however did not disclose this position nor did
her offer any reasonable position based on any authorities beyond his own.
Officers are being taxed on past wealth which was already taxed. They were living off
their personal reserves which happened to have been in corporate account, felt he was
borrowing from himself. Rep felt he had a strong position and continued not to take
salaries in subsequent years.

<u>RA fact check</u>
Net loss 2009 ($187,367)
Net loss 2010 ($56,984)
Distributions 2009 $188,128
Distributions 2010 $58,984
No wages were taken by shareholder in either year as filed.
Case closed agreed accepting wage adjustments of $ 50400 in '09 and 15,800 in '10

**11. Pat Walsh law office**
Profitable attorney
Late in getting information to RWV
Logic- why take salary when already paying tax on profit
(RA said because IRC 3121 (d) and RWV nodded in agreement and shrugged)
Switched to schedule C business in 2012

<u>RA fact check</u>
Adjustments resulted in 1040 tax due in both years
2009 profit $219,381
2010 profit $134,046
Distribution 2009 $188,110
Distribution 2010 $206,043
No wages were taken by shareholder in either year as filed.
Case closed agreed accepting wage adjustments of $98,800 in each year

**Form 886-A**      **Volger Penalty Case Determination**

**12. Thomas Yates Stonework**
**Per rep**
Former sch C, like a farmer
Removes septic systems
After depreciation adjustment corporation showed profit.
Sold personal property and deposited into corporate account
Loan was disallowed by examiner
Entity dissolved, in collections, no assets, gambled

<u>RA fact check:</u>
Net loss 2009 ($61,731)
Net loss 2010 ($1,903)
Distributions 2009 $255,426
Distributions 2010 $ 155,530
Adjustments resulted in tax liability due on 1040
No wages were taken by shareholder in either year as filed.
Case closed agreed accepting wage adjustments of $ 60,000 in each year

**13. Top Notch Painting**
**Per rep**
Late information to preparer, no extension
Quicken files
Deposits were made to credit line and not disclosed to preparer
Before adjustment for income small profit

<u>RA fact check</u>
2009 profit 10,238 prior to salary adjustment
2010 profit 33,5444 prior to salary adjustment
2009 distribution reported $42,812
2010 distribution reported $38,107
2009 adjustments resulted in tax due on 1040
No wages were taken by shareholder in either year as filed.
Case closed agreed accepting wage adjustments of $38,000 in each year

# **EXHIBIT C**

**Department of the Treasury**
Internal Revenue Service
Director

Document Locator Number
**29251-224-13500-13**

1973 N. Rulon White Blvd.
Ogden, UT 84201

IDRS: **6626247642**

Date of
This Notice: **08/12/2013**

| MFT | Tax Period | Assessment Date | Trans Code |
|-----|-----------|-----------------|------------|
| 55 | 200912 | 08/12/2013 | 670 |
| | | | 570 |

If you find it necessary
to inquire about your
account, please refer
to this number.

▶ ████████████

Taxpayer

Form Number: **8278**

ROBERT & BARBARA J VOGLER
42 BOULDER HILL RD
RIDGEFIELD CT 06877-5002

Plan/Report Number:

Tax Period Ended: **12/31/2009**

### Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).

| Reference | Assessment | Adjustment or Credit | Balance Due |
|-----------|-----------|---------------------|-------------|
| 08/12/2013 ADD'L TAX 290 | 0.00 | | |

Reference Code: **645** (see enclosed notice)   Reference Amt: **13,000.00**

**13,000.00**

---

Please return this copy with your payment to the address shown above

**Form 3552** (1-2013) (Part 3)
Catalog No. 49356T

**Department of the Treasury**
Internal Revenue Service
Director

Document Locator Number
**29251-224-13501-13**

1973 N. Rulon White Blvd.
Ogden, UT  84201

IDRS: 6626247642

Date of
This Notice:  08/12/2013

| MFT | Tax Period | Assessment Date | Trans Code |
|-----|-----------|-----------------|-----------|
| 55  | 200912    | 08/12/2013      | 670 570   |

If you find it necessary
to inquire about your
account, please refer
to this number.    ▶    ████████████

Taxpayer

ROBERT & BARBARA J VOGLER
42 BOULDER HILL RD
RIDGEFIELD  CT  06877-5002

Form Number: 8278

Plan/Report Number:

Tax Period Ended: 12/31/2009

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice.  Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above.  If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest.  If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).**

| Reference | Assessment | Adjustment or Credit | Balance Due |
|-----------|-----------|----------------------|-------------|
| 08/12/2013 ADD'L TAX   290 | 0.00 | | |
| Reference Code: **650**  (see enclosed notice)  Reference Amt: | **52,000.00** | | **52,000.00** |

**Please return this copy with your payment to the address shown above**

**Form 3552** (1-2013) (Part 3)
Catalog No. 49356T

**Department of the Treasury**
**Internal Revenue Service**
Director

1973 N. Rulon White Blvd.
Ogden, UT 84201

Document Locator Number
29251-224-13502-13

IDRS: 6626247642

| MFT | Tax Period | Assessment Date | Trans Code |
|-----|-----------|-----------------|------------|
| 55 | 201012 | 08/12/2013 | 670<br>570 |

Date of
This Notice: 08/12/2013

If you find it necessary to inquire about your account, please refer to this number.  ▶

Taxpayer

ROBERT & BARBARA J VOGLER
42 BOULDER HILL RD
RIDGEFIELD CT 06877-5002

Form Number: 8278

Plan/Report Number:

Tax Period Ended: 12/31/2010

---

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).**

| Reference | | Assessment | Adjustment or Credit | Balance Due |
|-----------|---|-----------|---------------------|-------------|
| 08/12/2013 ADD'L TAX   290 | | 0.00 | | |

| Reference Code: 645 (see enclosed notice) | Reference Amt: | 13,000.00 | | 13,000.00 |

**DUPLICATE -** *(Keep for your records)*

**Form 3552** (1-2013) (Part 4)
Catalog No. 49356T

**Department of the Treasury**
Internal Revenue Service
Director

Document Locator Number
**29251-224-13503-13**

1973 N. Rulon White Blvd.
Ogden, UT 84201

IDRS: 6626247642

| MFT | Tax Period | Assessment Date | Trans Code |
|-----|-----------|-----------------|-----------|
| 55 | 201012 | 08/12/2013 | 670 570 |

Date of
This Notice: 08/12/2013

If you find it necessary
to inquire about your
account, please refer
to this number.

Taxpayer

ROBERT & BARBARA J VOGLER
42 BOULDER HILL RD
RIDGEFIELD  CT  06877-5002

Form Number: **8278**

Plan/Report Number:

Tax Period Ended: **12/31/2010**

---

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).

| Reference | | Assessment | Adjustment or Credit | Balance Due |
|-----------|--|-----------|---------------------|-------------|
| 08/12/2013 ADD'L TAX   290 | | 0.00 | | |

| | | | | |
|--|--|--|--|--|
| Reference Code: **650**  (see enclosed notice)   Reference Amt: | | **52,000.00** | | **52,000.00** |

---

Please return this copy with your payment to the address shown above

Form 3552 (1-2013) (Part 3)
Catalog No. 49356T

# **EXHIBIT D**



#12398     ████████     $1,950.00



#12399     ████████     $1,950.00



#12400     ████████     $7,800.00



#12401     ████████     $7,800.00

# **EXHIBIT E**

Form **6118**

(Rev. August 2009)
Department of the Treasury
Internal Revenue Service

## Claim for Refund of Tax Return Preparer and Promoter Penalties
▶ For Penalties Assessed Under IRC Sections 6694, 6695, 6700, and 6701.
▶ See instructions on page 2.

OMB No. 1545-0240

**Print or Type**

Name of preparer or promoter
*ROBERT VOGLER*

Address to which statement(s) of notice and demand were mailed
*42 BOULDER HILL RD*

City, town or post office, state, and ZIP code
*RIDGEFIELD CT 06877*

Address of preparer shown on return(s) for which penalties were assessed (if different from above)

Identifying number
See instructions.

IRS office that sent statement(s)
*OGDEN UT*

**Type of Penalty. Enter letter in column (c) below.**

A   Understatements due to unreasonable positions—section 6694(a)
B   Willful or reckless conduct (intentional disregard of rules and regulations)—section 6694(b)
C   Failure to furnish copy of return or claim for refund to taxpayer— section 6695(a)
D   Failure to sign return or claim for refund—section 6695(b)
E   Failure to furnish identifying number—section 6695(c)
F   Failure to retain copy or list—section 6695(d)

G   Failure to file a record of return preparers—section 6695(e)(1)
H   Failure to include an item in the required record of return preparers—section 6695(e)(2)
I   Negotiation of check—section 6695(f)
J   Failure to exercise due diligence in determining eligibility for, and/or amount of, the earned income credit—section 6695(g)
K   Promoting abusive tax shelters, etc.—section 6700
L   Aiding and abetting understatement of tax liability—section 6701
M   Other (specify) (see instructions)

**Identification of Penalties. Enter the information from your statement.**

|  | (a) Statement document locator number (DLN) | (b) Date of statement | (c) Type of penalty | (d) Name(s) of taxpayer(s) |
|---|---|---|---|---|
| 1 | 29251-224-13560-13 | 8/12/13 | A | (SEE ATTACHED) |
| 2 |  |  |  |  |
| 3 |  |  |  |  |
| 4 |  |  |  |  |
| 5 |  |  |  |  |
| 6 |  |  |  |  |
| 7 |  |  |  |  |
| 8 |  |  |  |  |
| 9 |  |  |  |  |
| 10 |  |  |  |  |
| 11 |  |  |  |  |
| 12 |  |  |  |  |

|  | (e) Taxpayer's identification number | (f) Form number | (g) Tax year | (h) Amount assessed | (i) Amount paid | (j) Date paid (mo., day, yr.) |
|---|---|---|---|---|---|---|
| 1 | (SEE ATTACHED) | (SEE ATTACHED) | (SEE ATTACHED) | 13,000.00 | 1950.00 | 9/10/13 |
| 2 |  |  | 12/31/09 |  |  |  |
| 3 |  |  |  |  |  |  |
| 4 |  |  |  |  |  |  |
| 5 |  |  |  |  |  |  |
| 6 |  |  |  |  |  |  |
| 7 |  |  |  |  |  |  |
| 8 |  |  |  |  |  |  |
| 9 |  |  |  |  |  |  |
| 10 |  |  |  |  |  |  |
| 11 |  |  |  |  |  |  |
| 12 |  |  |  |  |  |  |

**Amount of Claim.** Enter the total of column (i), lines 1 through 12 . . . ▶   1950.00

**Sign Here**

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

Signature _____   Date   9/10/13

For Privacy Act and Paperwork Reduction Act Notice, see back of form.          Cat. No. 24415J          Form **6118** (Rev. 8-2009)

# General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

## Purpose of Form

Use Form 6118 if you are a tax return preparer or a promoter and want to claim a refund of preparer or promoter penalties you paid but that you believe were incorrectly charged.

## Claims for More Than One Penalty

If you are claiming a refund for more than one of the penalties listed, you may be able to combine some of the penalties on one Form 6118. Follow the chart below for combining the penalties. See *Type of Penalty* on the form for the list of penalties.

| IF you were billed... | THEN combine penalties... |
|---|---|
| On the same statement | G and H only |
| On separate statements but by the same IRS office or service center | C, D, E, and F only. Note. Be sure to group the penalties from each statement together. |

You cannot combine:

● Penalties from different IRS offices or service centers. See *Where and When To File* below.

● Penalties A, B, I, J, K, L, and M. You must file a separate Form 6118 for each of these even if you were charged for two or more of the same type.

● Penalties K and L. You must file a separate Form 6118 for each of these even if you were charged with both. Only columns (b), (c) and (g) through (j) need to be completed for penalties under sections 6700 and 6701.

## Where and When To File

File Form 6118 with the IRS service center or IRS office that sent you the statement(s). If you were assessed a penalty under section 6700, 6701, or 6694, you may file a claim for refund upon paying 15% of the penalty if you do so within 30 days from the date of notice and demand. Otherwise, your claim under sections 6700 and 6701 must be filed within 2 years from the date you paid the penalty in full. Your claim under sections 6694 and 6695 must be filed within 3 years from the date you paid the penalty in full.

# Specific Instructions

## Identifying Number

If you are self-employed or employed by another preparer or promoter, enter your social security number. If you are the employer of other preparers or promoters, enter your employer identification number.

## Type of Penalty

For item M (other penalties), enter the name of the penalty and the corresponding Internal Revenue Code section.

## Additional Information

You may want to attach a copy of the penalty statements to your claim. In addition to completing the form, you must give your reasons for claiming a refund for each penalty listed. Identify each penalty by its line number and write your explanation in the space below.

For additional information about refunds of preparer penalties, see Regulations section 1.6696-1.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. Subtitle F, Procedure and Administration, allows for additions to tax, additional amounts, and assessable penalties. This form is used by return preparers to make a claim for refund of any overpaid penalty amount. Section 6696 requires the return preparer to provide the requested information including his taxpayer identification number (SSN or EIN) within the prescribed time for filing a claim for refund.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law.

Generally, tax returns and return information are confidential, as required by section 6103. However, section 6103 allows or requires the Internal Revenue Service to disclose or give the information shown on your return to others as described in the Code. For example, we may disclose your tax information to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is: Recordkeeping, 6 min.; Learning about the law or the form, 19 min.; Preparing the form, 22 min.; and Copying, assembling, and sending the form to the IRS, 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send this form to this address. Instead, see *Where and When To File* above.

Reasons for claiming refund. Attach additional sheets if more space is needed. Write your name and identifying number on each sheet.

*(SEE ATTACHED)*

ROBERT VOGLER
ATTACHMENT TO FORM 6118
REASON FOR CLAIMING REFUND
FOR THE YEARS
2009 - 2010

The above referenced individual has been assessed a penalty under 6694(a) & (b).  I have paid the required 15% of the assessed amount in order to seek a refund because the penalty has been incorrectly asserted against me for the following reasons:

a)      In order for the penalty to be asserted under Section 6694, the following legal positions must be present :
   (1) There must be a conduct.
   (2) There must be an understatement of liability.
   (3) There must be a return or a claim for refund.

  These are the basic components of Section 6694(a).

b)      The definition of a "conduct" is found in 1-6694-2(a) (1) for it speaks of the "Proscribed conduct".  This is then defined as ...."a tax return preparer is liable for a penalty under 6694(a) equal to the greater of $1000.00 or 50 percent of the income derived (or to be derived) by the tax return preparer <u>for any return or claim for refund that ...it prepares....that results in an understatement of liability...</u>".  The key word here is "it prepares" and this can be interpreted as "the firm prepares returns in its course of work.  This <u>"conduct" of preparing a tax return also means there is associated with it a liability and that an understatement of liability exists.</u>.  Thus, the word "conduct" means, that the firm regularly prepares such returns as part of its practice.

c)       This firm does not "PREPARE PAYROLL TAX RETURNS".  The agent in her review noted this in her work papers.  This was further explained to the Appeal Officer who also shrugged off this factual evidence.  This fact is most important here, because you can not be assessed a penalty unless you perform the "Proscribed Conduct" as stated in the regulations at 1.6694-2(a) & 1.6694-3(a).  The courts have defined this term and without it a preparer would not be subject to the penalty.

d)      I have met the test under 1-6694-2(a)(1)(iii) and under 1-6694-2(d)(1) by having a "Reasonable Basis" which means the following:
   (a)  the preparer has relied in good faith without verification
   (b)  upon information supplied by the taxpayer

CONCLUSION:

The imposition of penalty was incorrectly assessed and needs to be abated.  The regulations & relevant court cases clearly show that the preparer in these cases could not be liable for a penalty simply due to the  fact there is not "PROSCRIBD CONDUCT" being performed by either the Firm or the preparer.  This claim should be approved based on the Law as written.

**Department of the Treasury**
Internal Revenue Service
Director

| | Document Locator Number |
|---|---|
| | 29251-224-13500-13 |

1973 N. Rulon White Blvd.
Ogden, UT  84201

IDRS: 6626247642

Date of
This Notice:  08/12/2013

| MFT | Tax Period | Assessment Date | Trans Code |
|---|---|---|---|
| 55 | 200912 | 08/12/2013 | 670 570 |

If you find it necessary to inquire about your account, please refer to this number.  ▶  █████████

Taxpayer

ROBERT & BARBARA J VOGLER
42 BOULDER HILL RD
RIDGEFIELD   CT   06877-5002

Form Number:  8278

Plan/Report Number:

Tax Period Ended:  12/31/2009

### Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).

| Reference | | | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|---|---|
| 08/12/2013 ADD'L TAX | 290 | | 0.00 | | |

| Reference Code: | 645 | (see enclosed notice) | Reference Amt: | 13,000.00 | |
|---|---|---|---|---|---|
| | | | | | 13,000.00 |

Please return this copy with your payment to the address shown above

**Form 3552** (1-2013) (Part 3)
Catalog No. 49356T

ROBERT VOGLER - PREPARER PENALTY
**Cases listed for Review**

| TAXPAYER | TIN | YEAR | RELATED CORP | EIN |
|---|---|---|---|---|
| FIELD | | 2009 | Core Value Coach | |
| FIELD | | 2010 | Core Value Coach | |
| GALLANT | | 2009 | Newtown Traders | |
| GALLANT | | 2010 | Newtown Traders | |
| LANGER | | 2008 | New England Tree | |
| LANGER | | 2009 | New England Tree | |
| MCKINNEY | | 2009 | Cust MKT Group LLC | |
| MCKINNEY | | 2010 | Cust MKT Group LLC | |
| PALTAUF | | 2009 | Northeastern Supply | |
| PALTAUF | | 2010 | Northeastern Supply | |
| POTE | | 2009 | Robert A. Pote Inc | |
| POTE | | 2010 | Robert A. Pote Inc | |
| ROGERS | | 2009 | Able Painting & Rest. | |
| ROGERS | | 2010 | Able Painting & Rest. | |
| SCHMIDT | | 2009 | J&S Remodeling LLC | |
| SCHMIDT | | 2010 | J&S Remodeling LLC | |
| SVENDSEN | | 2009 | Svenmedia Prod | |
| SVENDSEN | | 2010 | Svenmedia Prod | |
| TOBIASSEN | | 2009 | RT Builder Inc | |
| TOBIASSEN | | 2010 | RT Builder Inc | |
| WALSH | | 2009 | Law off Pat Walsh | |
| WALSH | | 2010 | Law off Pat Walsh | |
| YATES | | 2009 | Thomas Yates Stone | |
| YATES | | 2010 | Thomas Yates Stone | |
| LOVIG | | 2009 | Topnotch Painting LLC | |
| LOVIG | | 2010 | Topnotch Painting LLC | |

# **EXHIBIT F**

Form **6118**
(Rev. August 2009)
Department of the Treasury
Internal Revenue Service

## Claim for Refund of Tax Return Preparer and Promoter Penalties
▶ For Penalties Assessed Under IRC Sections 6694, 6695, 6700, and 6701.
▶ See instructions on page 2.

OMB No. 1545-0240

| Print or Type | | |
|---|---|---|
| Name of preparer or promoter *ROBERT VOGLER* | | Identifying number See instructions. ███████ |
| Address to which statement(s) of notice and demand were mailed *42 BOULDER HILL RD* | | |
| City, town or post office, state, and ZIP code *RIDGEFIELD CT 06877-5002* | | IRS office that sent statement(s) *OGDEN UT* |
| Address of preparer shown on return(s) for which penalties were assessed (if different from above) | | |

**Type of Penalty.** Enter letter in column (c) below.

**A** Understatements due to unreasonable positions—section 6694(a)

**B** Willful or reckless conduct (intentional disregard of rules and regulations)—section 6694(b)

**C** Failure to furnish copy of return or claim for refund to taxpayer—section 6695(a)

**D** Failure to sign return or claim for refund—section 6695(b)

**E** Failure to furnish identifying number—section 6695(c)

**F** Failure to retain copy or list—section 6695(d)

**G** Failure to file a record of return preparers—section 6695(e)(1)

**H** Failure to include an item in the required record of return preparers—section 6695(e)(2)

**I** Negotiation of check—section 6695(f)

**J** Failure to exercise due diligence in determining eligibility for, and/or amount of, the earned income credit—section 6695(g)

**K** Promoting abusive tax shelters, etc.—section 6700

**L** Aiding and abetting understatement of tax liability—section 6701

**M** Other (specify) (see instructions)

**Identification of Penalties.** Enter the information from your statement.

| | (a) Statement document locator number (DLN) | (b) Date of statement | (c) Type of penalty | (d) Name(s) of taxpayer(s) |
|---|---|---|---|---|
| 1 | 29251-224-13501-13 | 8/12/13 | B | (SEE ATTACHED) |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |

| | (e) Taxpayer's identification number | (f) Form number | (g) Tax year | (h) Amount assessed | (i) Amount paid | (j) Date paid (mo., day, yr.) |
|---|---|---|---|---|---|---|
| 1 | (SEE ATTACHED) | (SEE ATTACHED) | 12/31/09 | 52,000.00 | 7800.00 | 9/10/13 |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |

**Amount of Claim.** Enter the total of column (i), lines 1 through 12 . . . ▶ | 7800.00

**Sign Here**

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

Signature _____  Date 9/10/13

For Privacy Act and Paperwork Reduction Act Notice, see back of form.    Cat. No. 24415J    Form **6118** (Rev. 8-2009)

Form 6118 (Rev. 8-2009)

# General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

## Purpose of Form

Use Form 6118 if you are a tax return preparer or a promoter and want to claim a refund of preparer or promoter penalties you paid but that you believe were incorrectly charged.

## Claims for More Than One Penalty

If you are claiming a refund for more than one of the penalties listed, you may be able to combine some of the penalties on one Form 6118. Follow the chart below for combining the penalties. See *Type of Penalty* on the form for the list of penalties.

| IF you were billed... | THEN combine penalties... |
|---|---|
| On the same statement | G and H only |
| On separate statements but by the same IRS office or service center | C, D, E, and F only<br><br>Note. Be sure to group the penalties from each statement together. |

You cannot combine:

● Penalties from different IRS offices or service centers. See *Where and When To File* below.

● Penalties A, B, I, J, K, L, and M. You must file a separate Form 6118 for each of these even if you were charged for two or more of the same type.

● Penalties K and L. You must file a separate Form 6118 for each of these even if you were charged with both. Only columns (b), (c) and (g) through (j) need to be completed for penalties under sections 6700 and 6701.

## Where and When To File

File Form 6118 with the IRS service center or IRS office that sent you the statement(s). If you were assessed a penalty under section 6700, 6701, or 6694, you may file a claim for refund upon paying 15% of the penalty if you do so within 30 days from the date of notice and demand. Otherwise, your claim under sections 6700 and 6701 must be filed within 2 years from the date you paid the penalty in full. Your claim under sections 6694 and 6695 must be filed within 3 years from the date you paid the penalty in full.

# Specific Instructions

## Identifying Number

If you are self-employed or employed by another preparer or promoter, enter your social security number. If you are the employer of other preparers or promoters, enter your employer identification number.

## Type of Penalty

For item M (other penalties), enter the name of the penalty and the corresponding Internal Revenue Code section.

## Additional Information

You may want to attach a copy of the penalty statements to your claim. In addition to completing the form, you must give your reasons for claiming a refund for each penalty listed. Identify each penalty by its line number and write your explanation in the space below.

For additional information about refunds of preparer penalties, see Regulations section 1.6696-1.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. Subtitle F, Procedure and Administration, allows for additions to tax, additional amounts, and assessable penalties. This form is used by return preparers to make a claim for refund of any overpaid penalty amount. Section 6696 requires the return preparer to provide the requested information including his taxpayer identification number (SSN or EIN) within the prescribed time for filing a claim for refund.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law.

Generally, tax returns and return information are confidential, as required by section 6103. However, section 6103 allows or requires the Internal Revenue Service to disclose or give the information shown on your return to others as described in the Code. For example, we may disclose your tax information to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is: Recordkeeping, 6 min.; Learning about the law or the form, 19 min.; Preparing the form, 22 min.; and Copying, assembling, and sending the form to the IRS, 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send this form to this address. Instead, see *Where and When To File* above.

Reasons for claiming refund. Attach additional sheets if more space is needed. Write your name and identifying number on each sheet.

*( SEE ATTACHED )*

ROBERT VOGLER
ATTACHMENT TO FORM 6118
REASON FOR CLAIMING REFUND
FOR THE YEARS
2009 - 2010

The above referenced individual has been assessed a penalty under 6694(a) & (b).  I have paid the required 15% of the assessed amount in order to seek a refund because the penalty has been incorrectly asserted against me for the following reasons:

a)    In order for the penalty to be asserted under Section 6694, the following legal positions must be present :
       (1) There must be a conduct.
       (2) There must be an understatement of liability.
       (3) There must be a return or a claim for refund.

       These are the basic components of Section 6694(a).

b)    The definition of a "conduct" is found in 1-6694-2(a) (1) for it speaks of the "Proscribed conduct".  This is then defined as …."a tax return preparer is liable for a penalty under 6694(a) equal to the greater of $1000.00 or 50 percent of the income derived (or to be derived) by the tax return preparer <u>for any return or claim for refund that …it prepares….that results in an understatement of liability…".</u>  The key word here is "it prepares" and this can be interpreted as "the firm prepares returns in its course of work.  This <u>"conduct" of preparing a tax return also means there is associated with it a liability and that an understatement of liability exists..</u>  Thus, the word "conduct" means, that the firm regularly prepares such returns as part of its practice.

c)     This firm does not "PREPARE PAYROLL TAX RETURNS".  The agent in her review noted this in her work papers.  This was further explained to the Appeal Officer who also shrugged off this factual evidence.  This fact is most important here, because you can not be assessed a penalty unless you perform the "Proscribed Conduct" as stated in the regulations at 1.6694-2(a) & 1.6694-3(a).  The courts have defined this term and without it a preparer would not be subject to the penalty.

d)    I have met the test under 1-6694-2(a)(1)(iii) and under 1-6694-2(d)(1) by having a "Reasonable Basis" which means the following:
       (a)  the preparer has relied in good faith without verification
       (b)  upon information supplied by the taxpayer

CONCLUSION:

The imposition of penalty was incorrectly assessed and needs to be abated.  The regulations & relevant court cases clearly show that the preparer in these cases could not be liable for a penalty simply due to the  fact there is not "PROSCRIBD CONDUCT" being performed by either the Firm or the preparer.  This claim should be approved based on the Law as written.

**Department of the Treasury**
Internal Revenue Service
Director

1973 N. Rulon White Blvd.
Ogden, UT 84201

Document Locator Number
29251-224-13501-13

IDRS: 6626247642

Date of
This Notice: 08/12/2013

| MFT | Tax Period | Assessment Date | Trans Code |
|-----|-----------|-----------------|------------|
| 55 | 200912 | 08/12/2013 | 670 570 |

If you find it necessary to inquire about your account, please refer to this number. ▶

Taxpayer

ROBERT & BARBARA J VOGLER
42 BOULDER HILL RD
RIDGEFIELD   CT   06877-5002

Form Number: 8278

Plan/Report Number:

Tax Period Ended: 12/31/2009

### Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice.  Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above.  If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest.  If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).**

| Reference | | Assessment | Adjustment or Credit | Balance Due |
|-----------|--|-----------|---------------------|-------------|
| 08/12/2013 ADD'L TAX   290 | | 0.00 | | |

Reference Code: 650   (see enclosed notice)   Reference Amt:   52,000.00

52,000.00

**DUPLICATE -** *(Keep for your records)*

**Form 3552** (1-2013) (Part 4)
Catalog No. 49356T

IRC Section 6694(b)                                                    August 9, 2013

We charged you a penalty under section 6694(b) of the Internal Revenue Code for the
following reason: Understatement of Taxpayer's Liability Due to Willful or
Reckless Conduct of Tax Return Preparer.

We charged you a penalty for understatement of taxpayer's liability due to willful
or reckless conduct of the tax return preparer under IRC section 6694(b) for each
return or claim which you understated the taxpayer's liability, due to your willful
or reckless conduct as a tax return preparer.

For such returns or claims prepared on or prior to May 25, 2007, the penalty is
$1,000 per return or claim. There is no maximum amount of penalty.

For such a return or claim prepared after May 25, 2007, the penalty is the greater
of:

1) $5,000, or

2) 50 percent of the income derived (or to be derived) by the tax return preparer
with respect to the return or claim.

There is no maximum amount of penalty.

For a detailed calculation of the penalty, please refer to the penalty calculation
worksheet provided to you at the conclusion of the penalty investigation.

If you want us to remove or reduce any of the IRC section 6694(b) penalty we
assessed, you - the tax return preparer - must either:

(i) Pay the entire amount assessed (and may file a claim for refund of the amount
paid using a Form 6118, Claim for Refund of Tax Return Preparer and Promoter
Penalties, at any time not later than 3 years after the date of payment); or

(ii) Within 30 days after the day on which this Notice and Demand of the penalty
described in Section 6694(b) is made against you, pay an amount which is not less
than 15 percent of the entire amount assessed with respect to each return or claim
for refund on a Form 6118, Claim for Refund of Tax Return Preparer and Promoter
Penalties, and file a claim for refund of the amount paid. If we deny your claim,
you may file a suit in the United States District Court within 30 days after the
date we denied your claim or within six months and 30 days after the date you filed
your claim, whichever is earlier. If you don't file a claim or a suit within these
time limits, you'll have to pay the full amount assessed.

Forms 6118 are available at most IRS offices, or you can order one by calling
toll-free 1-800-829-3676.

IMF Penalty Reference Number = 650, Penalty Year = 2009, Balance Due = $0.00.

ROBERT VOGLER - PREPARER PENALTY
**Cases listed for Review**

| TAXPAYER | TIN | YEAR | RELATED CORP | EIN |
|---|---|---|---|---|
| FIELD | | 2009 | Core Value Coach | |
| FIELD | | 2010 | Core Value Coach | |
| GALLANT | | 2009 | Newtown Traders | |
| GALLANT | | 2010 | Newtown Traders | |
| LANGER | | 2008 | New England Tree | |
| LANGER | | 2009 | New England Tree | |
| MCKINNEY | | 2009 | Cust MKT Group LLC | |
| MCKINNEY | | 2010 | Cust MKT Group LLC | |
| PALTAUF | | 2009 | Northeastern Supply | |
| PALTAUF | | 2010 | Northeastern Supply | |
| POTE | | 2009 | Robert A. Pote Inc | |
| POTE | | 2010 | Robert A. Pote Inc | |
| ROGERS | | 2009 | Able Painting & Rest. | |
| ROGERS | | 2010 | Able Painting & Rest. | |
| SCHMIDT | | 2009 | J&S Remodeling LLC | |
| SCHMIDT | | 2010 | J&S Remodeling LLC | |
| SVENDSEN | | 2009 | Svenmedia Prod | |
| SVENDSEN | | 2010 | Svenmedia Prod | |
| TOBIASSEN | | 2009 | RT Builder Inc | |
| TOBIASSEN | | 2010 | RT Builder Inc | |
| WALSH | | 2009 | Law off Pat Walsh | |
| WALSH | | 2010 | Law off Pat Walsh | |
| YATES | | 2009 | Thomas Yates Stone | |
| YATES | | 2010 | Thomas Yates Stone | |
| LOVIG | | 2009 | Topnotch Painting LLC | |
| LOVIG | | 2010 | Topnotch Painting LLC | |

# **EXHIBIT G**

Form **6118**

(Rev. August 2009)

Department of the Treasury
Internal Revenue Service

### Claim for Refund of Tax Return Preparer and Promoter Penalties
▶ For Penalties Assessed Under IRC Sections 6694, 6695, 6700, and 6701.
▶ See instructions on page 2.

OMB No. 1545-0240

| | |
|---|---|
| Name of preparer or promoter  *ROBERT VOGLER* | Identifying number  See instructions. ▮▮▮▮▮ |
| Address to which statement(s) of notice and demand were mailed  *42 BOULDER HILL RD* | |
| City, town or post office, state, and ZIP code  *RIDGEFIELD CT 06877-5002* | IRS office that sent statement(s)  *OGDEN, UT* |
| Address of preparer shown on return(s) for which penalties were assessed (if different from above) | |

Print or Type

**Type of Penalty.** Enter letter in column (c) below.

A  Understatements due to unreasonable positions—section 6694(a)

B  Willful or reckless conduct (intentional disregard of rules and regulations)—section 6694(b)

C  Failure to furnish copy of return or claim for refund to taxpayer—section 6695(a)

D  Failure to sign return or claim for refund—section 6695(b)

E  Failure to furnish identifying number—section 6695(c)

F  Failure to retain copy or list—section 6695(d)

G  Failure to file a record of return preparers—section 6695(e)(1)

H  Failure to include an item in the required record of return preparers—section 6695(e)(2)

I  Negotiation of check—section 6695(f)

J  Failure to exercise due diligence in determining eligibility for, and/or amount of, the earned income credit—section 6695(g)

K  Promoting abusive tax shelters, etc.—section 6700

L  Aiding and abetting understatement of tax liability—section 6701

M  Other (specify) (see instructions)

**Identification of Penalties.** Enter the information from your statement.

| | (a) Statement document locator number (DLN) | (b) Date of statement | (c) Type of penalty | (d) Name(s) of taxpayer(s) |
|---|---|---|---|---|
| 1 | 29251-224-13502-13 | 8/12/13 | A | (SEE ATTACHED) |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |

| | (e) Taxpayer's identification number | (f) Form number | (g) Tax year | (h) Amount assessed | (i) Amount paid | (j) Date paid (mo., day, yr.) |
|---|---|---|---|---|---|---|
| 1 | SEE ATTACHED | (SEE ATTACHED) | 12/31/10 | 13,000.00 | 1950.00 | 9/10/13 |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |

**Amount of Claim.** Enter the total of column (i), lines 1 through 12  . . .  ▶   *1950.00*

**Sign Here**

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

▶ _____  Signature

▶ *9/10/13*  Date

For Privacy Act and Paperwork Reduction Act Notice, see back of form.

Cat. No. 24415J

Form **6118** (Rev. 8-2009)

# General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

## Purpose of Form

Use Form 6118 if you are a tax return preparer or a promoter and want to claim a refund of preparer or promoter penalties you paid but that you believe were incorrectly charged.

## Claims for More Than One Penalty

If you are claiming a refund for more than one of the penalties listed, you may be able to combine some of the penalties on one Form 6118. Follow the chart below for combining the penalties. See *Type of Penalty* on the form for the list of penalties.

| IF you were billed... | THEN combine penalties... |
|---|---|
| On the same statement | G and H only |
| On separate statements but by the same IRS office or service center | C, D, E, and F only<br><br>Note. Be sure to group the penalties from each statement together. |

You cannot combine:

● Penalties from different IRS offices or service centers. See *Where and When To File* below.

● Penalties A, B, I, J, K, L, and M. You must file a separate Form 6118 for each of these even if you were charged for two or more of the same type.

● Penalties K and L. You must file a separate Form 6118 for each of these even if you were charged with both. Only columns (b), (c) and (g) through (j) need to be completed for penalties under sections 6700 and 6701.

## Where and When To File

File Form 6118 with the IRS service center or IRS office that sent you the statement(s). If you were assessed a penalty under section 6700, 6701, or 6694, you may file a claim for refund upon paying 15% of the penalty if you do so within 30 days from the date of notice and demand. Otherwise, your claim under sections 6700 and 6701 must be filed within 2 years from the date you paid the penalty in full. Your claim under sections 6694 and 6695 must be filed within 3 years from the date you paid the penalty in full.

# Specific Instructions

## Identifying Number

If you are self-employed or employed by another preparer or promoter, enter your social security number. If you are the employer of other preparers or promoters, enter your employer identification number.

## Type of Penalty

For item M (other penalties), enter the name of the penalty and the corresponding Internal Revenue Code section.

## Additional Information

You may want to attach a copy of the penalty statements to your claim. In addition to completing the form, you must give your reasons for claiming a refund for each penalty listed. Identify each penalty by its line number and write your explanation in the space below.

For additional information about refunds of preparer penalties, see Regulations section 1.6696-1.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. Subtitle F, Procedure and Administration, allows for additions to tax, additional amounts, and assessable penalties. This form is used by return preparers to make a claim for refund of any overpaid penalty amount. Section 6696 requires the return preparer to provide the requested information including his taxpayer identification number (SSN or EIN) within the prescribed time for filing a claim for refund.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law.

Generally, tax returns and return information are confidential, as required by section 6103. However, section 6103 allows or requires the Internal Revenue Service to disclose or give the information shown on your return to others as described in the Code. For example, we may disclose your tax information to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is: Recordkeeping, 6 min.; Learning about the law or the form, 19 min.; Preparing the form, 22 min.; and Copying, assembling, and sending the form to the IRS, 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send this form to this address. Instead, see *Where and When To File* above.

Reasons for claiming refund. Attach additional sheets if more space is needed. Write your name and Identifying number on each sheet.

*(SEE ATTACHED)*

ROBERT VOGLER
ATTACHMENT TO FORM 6118
REASON FOR CLAIMING REFUND
FOR THE YEARS
2009 - 2010

The above referenced individual has been assessed a penalty under 6694(a) & (b). I have paid the required 15% of the assessed amount in order to seek a refund because the penalty has been incorrectly asserted against me for the following reasons:

a)      In order for the penalty to be asserted under Section 6694, the following legal positions must be present :
                (1) There must be a conduct.
                (2) There must be an understatement of liability.
                (3) There must be a return or a claim for refund.

        These are the basic components of Section 6694(a).

b)      The definition of a "conduct" is found in 1-6694-2(a) (1) for it speaks of the "Proscribed conduct". This is then defined as …."a tax return preparer is liable for a penalty under 6694(a) equal to the greater of $1000.00 or 50 percent of the income derived (or to be derived) by the tax return preparer <u>for any return or claim for refund that …it prepares….that results in an understatement of liability…"</u>. The key word here is "it prepares" and this can be interpreted as "the firm prepares returns in its course of work. This <u>"conduct" of preparing a tax return also means there is associated with it a liability and that an understatement of liability exists..</u> Thus, the word "conduct" means, that the firm regularly prepares such returns as part of its practice.

c)      This firm does not "PREPARE PAYROLL TAX RETURNS". The agent in her review noted this in her work papers. This was further explained to the Appeal Officer who also shrugged off this factual evidence. This fact is most important here, because you can not be assessed a penalty unless you perform the "Proscribed Conduct" as stated in the regulations at 1.6694-2(a) & 1.6694-3(a). The courts have defined this term and without it a preparer would not be subject to the penalty.

d)      I have met the test under 1-6694-2(a)(1)(iii) and under 1-6694-2(d)(1) by having a "Reasonable Basis" which means the following:
                (a)  the preparer has relied in good faith without verification
                (b)  upon information supplied by the taxpayer

CONCLUSION:

The imposition of penalty was incorrectly assessed and needs to be abated. The regulations & relevant court cases clearly show that the preparer in these cases could not be liable for a penalty simply due to the fact there is not "PROSCRIBD CONDUCT" being performed by either the Firm or the preparer. This claim should be approved based on the Law as written.

**Department of the Treasury**
**Internal Revenue Service**
**Director**

Document Locator Number

29251-224-13502-13

1973 N. Rulon White Blvd.
Ogden, UT 84201

IDRS: 6626247642

Date of
This Notice: 08/12/2013

| MFT | Tax Period | Assessment Date | Trans Code |
|-----|-----------|-----------------|------------|
| 55 | 201012 | 08/12/2013 | 670 |
| | | | 570 |

If you find it necessary
to inquire about your
account, please refer
to this number.

▶ ███████████

Taxpayer

ROBERT & BARBARA J VOGLER
42 BOULDER HILL RD
RIDGEFIELD    CT   06877-5002

Form Number: 8278

Plan/Report Number:

Tax Period Ended: 12/31/2010

### Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest.  If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).**

| Reference | Assessment | Adjustment or Credit | Balance Due |
|-----------|-----------|----------------------|-------------|
| 08/12/2013 ADD'L TAX   290 | 0.00 | | |

| Reference Code: 645 (see enclosed notice) | Reference Amt: | 13,000.00 | |
|---|---|---|---|
| | | | 13,000.00 |

Form 3552 (1-2013) (Part 4)
Catalog No. 49356T

IRC Section 6694(a)                                                      August 9, 2013

We charged you a penalty under section 6694(a) of the Internal Revenue Code for the
following reason:  Understatement of Taxpayer's Liability Due to Unreasonable
Positions Taken by Tax Return Preparer.

We charged you a penalty for understatement of taxpayer's liability due to
unreasonable position taken by tax return preparer under IRC section 6694(a) for
each return or claim which you understated the taxpayer's liability, due to
unreasonable positions that you took as a tax return preparer.

For such returns or claims prepared on or prior to May 25, 2007, the penalty is $250
per return or claim. There is no maximum amount of penalty.

The return preparer penalty provisions were amended by the Small Business and Work
Opportunity Tax Act of 2007. The new amendments are effective for returns prepared
after May 25, 2007. The Tax Extenders and Alternative Minimum Tax Relief Act of 2008
also amended the return preparer penalty provisions.

For such a return or claim prepared after May 25, 2007, the penalty is the greater
of:

1) $1,000, or

2) 50 percent of the income derived (or to be derived) by the tax return preparer
with respect to the return or claim.

There is no maximum amount of penalty.

For a detailed calculation of the penalty, please refer to the penalty calculation
worksheet provided to you at the conclusion of the penalty investigation.

If you want us to remove or reduce any of the IRC section 6694(a) penalty we
assessed, you - the tax return preparer - must either:

(i) Pay the entire amount assessed (and may file a claim for refund of the amount
paid using a Form 6118, Claim for Refund of Tax Return Preparer and Promoter
Penalties, at any time not later than 3 years after the date of payment); or

(ii) Within 30 days after the day on which this Notice and Demand of the penalty
described in Section 6694(a) is made against you, pay an amount which is not less
than 15 percent of the entire amount assessed with respect to each return or claim
for refund on a Form 6118, Claim for Refund of Tax Return Preparer and Promoter
Penalties, and file a claim for refund of the amount paid. If we deny your claim,
you may file a suit in the United States District Court within 30 days after the
date we denied your claim or within six months and 30 days after the date you filed
your claim, whichever is earlier. If you don't file a claim or a suit within these
time limits, you'll have to pay the full amount assessed.

Forms 6118 are available at most IRS offices, or you can order one by calling
toll-free 1-800-829-3676.

IMF Penalty Reference Number = 645, Penalty Year = 2010, Balance Due = $0.00.

**ROBERT VOGLER - PREPARER PENALTY**
**Cases listed for Review**

| TAXPAYER | TIN | YEAR | RELATED CORP | EIN |
|---|---|---|---|---|
| FIELD | | 2009 | Core Value Coach | |
| FIELD | | 2010 | Core Value Coach | |
| GALLANT | | 2009 | Newtown Traders | |
| GALLANT | | 2010 | Newtown Traders | |
| LANGER | | 2008 | New England Tree | |
| LANGER | | 2009 | New England Tree | |
| MCKINNEY | | 2009 | Cust MKT Group LLC | |
| MCKINNEY | | 2010 | Cust MKT Group LLC | |
| PALTAUF | | 2009 | Northeastern Supply | |
| PALTAUF | | 2010 | Northeastern Supply | |
| POTE | | 2009 | Robert A. Pote Inc | |
| POTE | | 2010 | Robert A. Pote Inc | |
| ROGERS | | 2009 | Able Painting & Rest. | |
| ROGERS | | 2010 | Able Painting & Rest. | |
| SCHMIDT | | 2009 | J&S Remodeling LLC | |
| SCHMIDT | | 2010 | J&S Remodeling LLC | |
| SVENDSEN | | 2009 | Svenmedia Prod | |
| SVENDSEN | | 2010 | Svenmedia Prod | |
| TOBIASSEN | | 2009 | RT Builder Inc | |
| TOBIASSEN | | 2010 | RT Builder Inc | |
| WALSH | | 2009 | Law off Pat Walsh | |
| WALSH | | 2010 | Law off Pat Walsh | |
| YATES | | 2009 | Thomas Yates Stone | |
| YATES | | 2010 | Thomas Yates Stone | |
| LOVIG | | 2009 | Topnotch Painting LLC | |
| LOVIG | | 2010 | Topnotch Painting LLC | |

# **EXHIBIT H**

Form **6118**

(Rev. August 2009)
Department of the Treasury
Internal Revenue Service

## Claim for Refund of Tax Return Preparer and Promoter Penalties

▶ For Penalties Assessed Under IRC Sections 6694, 6695, 6700, and 6701.
▶ See instructions on page 2.

OMB No. 1545-0240

Name of preparer or promoter
*ROBERT VOGLER*

Address to which statement(s) of notice and demand were mailed
*4V BOULDER HILL RD*

City, town or post office, state, and ZIP code
*RIDGEFIELD CT 06877-5002*

Address of preparer shown on return(s) for which penalties were assessed (if different from above)

**Identifying number**
See instructions.
█████████

IRS office that sent statement(s)
*OGDEN UT*

**Type of Penalty.** Enter letter in column (c) below.

A  Understatements due to unreasonable positions—section 6694(a)
B  Willful or reckless conduct (intentional disregard of rules and regulations)—section 6694(b)
C  Failure to furnish copy of return or claim for refund to taxpayer—section 6695(a)
D  Failure to sign return or claim for refund—section 6695(b)
E  Failure to furnish identifying number—section 6695(c)
F  Failure to retain copy or list—section 6695(d)
G  Failure to file a record of return preparers—section 6695(e)(1)
H  Failure to include an item in the required record of return preparers—section 6695(e)(2)
I  Negotiation of check—section 6695(f)
J  Failure to exercise due diligence in determining eligibility for, and/or amount of, the earned income credit—section 6695(g)
K  Promoting abusive tax shelters, etc.—section 6700
L  Aiding and abetting understatement of tax liability—section 6701
M  Other (specify) (see instructions)

**Identification of Penalties.** Enter the information from your statement.

| | (a) Statement document locator number (DLN) | (b) Date of statement | (c) Type of penalty | (d) Name(s) of taxpayer(s) |
|---|---|---|---|---|
| 1 | 29251-224-13563-13 | 8/12/13 | B | (SEE ATTACHED) |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |

| | (e) Taxpayer's identification number | (f) Form number | (g) Tax year | (h) Amount assessed | (i) Amount paid | (j) Date paid (mo., day, yr.) |
|---|---|---|---|---|---|---|
| 1 | (SEE ATTACHED) | (SEE ATTACHED) | 12/31/10 | 52,000.00 | 7800.00 | 9/10/13 |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |

**Amount of Claim.** Enter the total of column (i), lines 1 through 12 . . . . ▶  | 7800.00 |

**Sign Here**

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

Signature                                    Date  9/10/13

For Privacy Act and Paperwork Reduction Act Notice, see back of form.    Cat. No. 24415J    Form **6118** (Rev. 8-2009)

# General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

## Purpose of Form

Use Form 6118 if you are a tax return preparer or a promoter and want to claim a refund of preparer or promoter penalties you paid but that you believe were incorrectly charged.

## Claims for More Than One Penalty

If you are claiming a refund for more than one of the penalties listed, you may be able to combine some of the penalties on one Form 6118. Follow the chart below for combining the penalties. See *Type of Penalty* on the form for the list of penalties.

| IF you were billed... | THEN combine penalties... |
|---|---|
| On the same statement | G and H only |
| On separate statements but by the same IRS office or service center | C, D, E, and F only<br><br>Note. Be sure to group the penalties from each statement together. |

You cannot combine:

● Penalties from different IRS offices or service centers. See *Where and When To File* below.

● Penalties A, B, I, J, K, L, and M. You must file a separate Form 6118 for each of these even if you were charged for two or more of the same type.

● Penalties K and L. You must file a separate Form 6118 for each of these even if you were charged with both. Only columns (b), (c) and (g) through (j) need to be completed for penalties under sections 6700 and 6701.

## Where and When To File

File Form 6118 with the IRS service center or IRS office that sent you the statement(s). If you were assessed a penalty under section 6700, 6701, or 6694, you may file a claim for refund upon paying 15% of the penalty if you do so within 30 days from the date of notice and demand. Otherwise, your claim under sections 6700 and 6701 must be filed within 2 years from the date you paid the penalty in full. Your claim under sections 6694 and 6695 must be filed within 3 years from the date you paid the penalty in full.

# Specific Instructions

## Identifying Number

If you are self-employed or employed by another preparer or promoter, enter your social security number. If you are the employer of other preparers or promoters, enter your employer identification number.

## Type of Penalty

For item M (other penalties), enter the name of the penalty and the corresponding Internal Revenue Code section.

## Additional Information

You may want to attach a copy of the penalty statements to your claim. In addition to completing the form, you must give your reasons for claiming a refund for each penalty listed. Identify each penalty by its line number and write your explanation in the space below.

For additional information about refunds of preparer penalties, see Regulations section 1.6696-1.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. Subtitle F, Procedure and Administration, allows for additions to tax, additional amounts, and assessable penalties. This form is used by return preparers to make a claim for refund of any overpaid penalty amount. Section 6696 requires the return preparer to provide the requested information including his taxpayer identification number (SSN or EIN) within the prescribed time for filing a claim for refund.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law.

Generally, tax returns and return information are confidential, as required by section 6103. However, section 6103 allows or requires the Internal Revenue Service to disclose or give the information shown on your return to others as described in the Code. For example, we may disclose your tax information to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is: Recordkeeping, 6 min.; Learning about the law or the form, 19 min.; Preparing the form, 22 min.; and Copying, assembling, and sending the form to the IRS, 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send this form to this address. Instead, see *Where and When To File* above.

Reasons for claiming refund. Attach additional sheets if more space is needed. Write your name and Identifying number on each sheet.

( *SEE ATTACHED* )

ROBERT VOGLER
ATTACHMENT TO FORM 6118
REASON FOR CLAIMING REFUND
FOR THE YEARS
2009 - 2010

The above referenced individual has been assessed a penalty under 6694(a) & (b).  I have paid the required 15% of the assessed amount in order to seek a refund because the penalty has been incorrectly asserted against me for the following reasons:

a)      In order for the penalty to be asserted under Section 6694, the following legal positions must be present :
            (1) There must be a conduct.
            (2) There must be an understatement of liability.
            (3) There must be a return or a claim for refund.

        These are the basic components of Section 6694(a).

b)      The definition of a "conduct" is found in 1-6694-2(a) (1) for it speaks of the "Proscribed conduct".  This is then defined as …."a tax return preparer is liable for a penalty under 6694(a) equal to the greater of $1000.00 or 50 percent of the income derived (or to be derived) by the tax return preparer <u>for any return or claim for refund that …it prepares….that results in an understatement of liability…"</u>.  The key word here is "it prepares" and this can be interpreted as "the firm prepares returns in its course of work.  This <u>"conduct" of preparing a tax return also means there is associated with it a liability and that an understatement of liability exists..</u>  Thus, the word "conduct" means, that the firm regularly prepares such returns as part of its practice.

c)       This firm does not "PREPARE PAYROLL TAX RETURNS".  The agent in her review noted this in her work papers.  This was further explained to the Appeal Officer who also shrugged off this factual evidence.  This fact is most important here, because you can not be assessed a penalty unless you perform the "Proscribed Conduct" as stated in the regulations at 1.6694-2(a) & 1.6694-3(a).  The courts have defined this term and without it a preparer would not be subject to the penalty.

d)      I have met the test under 1-6694-2(a)(1)(iii) and under 1-6694-2(d)(1) by having a "Reasonable Basis" which means the following:
            (a)  the preparer has relied in good faith without verification
            (b)  upon information supplied by the taxpayer

CONCLUSION:

The imposition of penalty was incorrectly assessed and needs to be abated. The regulations & relevant court cases clearly show that the preparer in these cases could not be liable for a penalty simply due to the fact there is not "PROSCRIBD CONDUCT" being performed by either the Firm or the preparer. This claim should be approved based on the Law as written.

**Department of the Treasury**
**Internal Revenue Service**
Director

Document Locator Number
29251-224-13503-13

1973 N. Rulon White Blvd.
Ogden, UT 84201

IDRS: 6626247642

| MFT | Tax Period | Assessment Date | Trans Code |
|-----|-----------|-----------------|-----------|
| 55 | 201012 | 08/12/2013 | 670 |
| | | | 570 |

Date of
This Notice: 08/12/2013

If you find it necessary
to inquire about your ▶ ████████████
account, please refer
to this number.

Taxpayer

Form Number: 8278

ROBERT & BARBARA J VOGLER
42 BOULDER HILL RD
RIDGEFIELD   CT   06877-5002

Plan/Report Number:

Tax Period Ended: 12/31/2010

### Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).**

| | Reference | | Assessment | Adjustment or Credit | Balance Due |
|---|-----------|---|-----------|---------------------|-------------|
| 08/12/2013 | ADD'L TAX | 290 | 0.00 | | |

Reference Code: 650   (see enclosed notice)   Reference Amt:   52,000.00

52,000.00

IRC Section 6694(b)                                                August 9, 2013

We charged you a penalty under section 6694(b) of the Internal Revenue Code for the following reason:  Understatement of Taxpayer's Liability Due to Willful or Reckless Conduct of Tax Return Preparer.

We charged you a penalty for understatement of taxpayer's liability due to willful or reckless conduct of the tax return preparer under IRC section 6694(b) for each return or claim which you understated the taxpayer's liability, due to your willful or reckless conduct as a tax return preparer.

For such returns or claims prepared on or prior to May 25, 2007, the penalty is $1,000 per return or claim. There is no maximum amount of penalty.

For such a return or claim prepared after May 25, 2007, the penalty is the greater of:

1) $5,000, or

2) 50 percent of the income derived (or to be derived) by the tax return preparer with respect to the return or claim.

There is no maximum amount of penalty.

For a detailed calculation of the penalty, please refer to the penalty calculation worksheet provided to you at the conclusion of the penalty investigation.

If you want us to remove or reduce any of the IRC section 6694(b) penalty we assessed, you - the tax return preparer - must either:

(i) Pay the entire amount assessed (and may file a claim for refund of the amount paid using a Form 6118, Claim for Refund of Tax Return Preparer and Promoter Penalties, at any time not later than 3 years after the date of payment); or

(ii) Within 30 days after the day on which this Notice and Demand of the penalty described in Section 6694(b) is made against you, pay an amount which is not less than 15 percent of the entire amount assessed with respect to each return or claim for refund on a Form 6118, Claim for Refund of Tax Return Preparer and Promoter Penalties, and file a claim for refund of the amount paid. If we deny your claim, you may file a suit in the United States District Court within 30 days after the date we denied your claim or within six months and 30 days after the date you filed your claim, whichever is earlier. If you don't file a claim or a suit within these time limits, you'll have to pay the full amount assessed.

Forms 6118 are available at most IRS offices, or you can order one by calling toll-free 1-800-829-3676.

IMF Penalty Reference Number = 650, Penalty Year = 2010, Balance Due = $0.00.

**ROBERT VOGLER - PREPARER PENALTY**
**Cases listed for Review**

| TAXPAYER | TIN | YEAR | RELATED CORP | EIN |
|---|---|---|---|---|
| FIELD | | 2009 | Core Value Coach | |
| FIELD | | 2010 | Core Value Coach | |
| GALLANT | | 2009 | Newtown Traders | |
| GALLANT | | 2010 | Newtown Traders | |
| GALLANT | | 2008 | Newtown Traders | |
| LANGER | | 2009 | New England Tree | |
| LANGER | | 2009 | New England Tree | |
| MCKINNEY | | 2009 | Cust MKT Group LLC | |
| MCKINNEY | | 2010 | Cust MKT Group LLC | |
| PALTAUF | | 2009 | Northeastern Supply | |
| PALTAUF | | 2010 | Northeastern Supply | |
| POTE | | 2009 | Robert A. Pote Inc | |
| POTE | | 2010 | Robert A. Pote Inc | |
| ROGERS | | 2009 | Able Painting & Rest. | |
| ROGERS | | 2010 | Able Painting & Rest. | |
| SCHMIDT | | 2009 | J&S Remodeling LLC | |
| SCHMIDT | | 2010 | J&S Remodeling LLC | |
| SVENDSEN | | 2009 | Svenmedia Prod | |
| SVENDSEN | | 2010 | Svenmedia Prod | |
| TOBIASSEN | | 2009 | RT Builder Inc | |
| TOBIASSEN | | 2010 | RT Builder Inc | |
| WALSH | | 2009 | Law off Pat Walsh | |
| WALSH | | 2010 | Law off Pat Walsh | |
| YATES | | 2009 | Thomas Yates Stone | |
| YATES | | 2010 | Thomas Yates Stone | |
| LOVIG | | 2009 | Topnotch Painting LLC | |
| LOVIG | | 2010 | Topnotch Painting LLC | |

# **EXHIBIT I**

```
                    RIDGEFIELD PO
                 RIDGEFIELD, Connecticut
                      068779998
          0833690877-0098
09/10/2013 (203)438-6561 05:06:15 PM

                  Sales Receipt
Product          Sale Unit      Final
Description      Qty Price      Price
@@ ~~ OGDEN UT 84201 Zone-8          $11.25
Priority Mail 2-Day
1 lb. 9.10 oz.
Scheduled Delivery Day: Thu
09/12/13
Includes $50 insurance

@@ Certified                          $3.10
Label #:          70131090000189412291

Issue PVI:                           $14.35

@@ ~~ OGDEN UT 84201 Zone-8           $5.60
Priority Mail 2-Day
Flat Rate Env
3.90 oz.
Scheduled Delivery Day: Thu
09/12/13
Includes $50 insurance

@@ Certified                          $3.10
Label #:          70131090000189412284

Issue PVI:                            $8.70

                                     $23.05

Paid by:
AMEX                              $23.05
Account #:       XXXXXXXXXXXXX1000
Approval #:       505278
Transaction #:    748
23903001253206470624S
```





# **EXHIBIT J**

English     Customer Service     USPS Mobile                                          Register / Sign In

 **USPS.COM**

Search USPS com or Track Packages

Quick Tools          Ship a Package     Send Mail     Manage Your Mail     Shop     Business Solutions

## USPS Tracking™

 **Customer Service ›**
Have questions? We're here to help.

Tracking Number: **70131090000189412284**

Expected Delivery Day: **Thursday, September 12, 2013**

### Product & Tracking Information

**Postal Product:**
Priority Mail 2-Day™

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **September 12, 2013 , 6:21 pm** | Delivered | **OGDEN, UT 84201** |

*Your item was delivered at 6:21 pm on September 12, 2013 in OGDEN, UT 84201.*

| | | |
|---|---|---|
| September 12, 2013 , 9:13 am | Arrived at Unit | OGDEN, UT 84401 |
| September 12, 2013 , 5:05 am | Departed USPS Facility | SALT LAKE CITY, UT 84199 |
| September 12, 2013 , 2:19 am | Arrived at USPS Facility | SALT LAKE CITY, UT 84199 |
| September 11, 2013 , 2:43 am | Departed USPS Facility | KEARNY, NJ 07032 |
| September 11, 2013 , 12:53 am | Arrived at USPS Origin Facility | KEARNY, NJ 07032 |
| September 10, 2013 , 6:45 pm | Departed Post Office | RIDGEFIELD, CT 06877 |
| September 10, 2013 , 5:05 pm | Acceptance | RIDGEFIELD, CT 06877 |

### Available Actions

Return Receipt After Mailing

USPS Return Receipt After Mailing Online service provides an email-transmitted PDF of the signature record on file at USPS to customers with eligible tracking numbers

This package is eligible for an electronic Return Receipt After Mailing request

Return Receipt After Mailing request will cost

**$5.25**

To begin, please sign in to your USPS com® account

Sign In

Don't have a USPS com account? Register now.

## Track Another Package

**Tracking (or receipt) number**

_____     Track It

LEGAL
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

ON USPS.COM
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

ON ABOUT.USPS.COM
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

OTHER USPS SITES
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›
National Postal Museum ›

**USPS.COM**

English          Customer Service          USPS Mobile                                    Register / Sign In

 USPS.COM®

Search USPS com or Track Packages

Quick Tools          Ship a Package          Send Mail          Manage Your Mail          Shop          Business Solutions

# USPS Tracking™

 **Customer Service** ›
Have questions? We're here to help.

Tracking Number: **70131090000189412291**

Expected Delivery Day: **Thursday, September 12, 2013**

## Product & Tracking Information

**Available Actions**

| Postal Product: | Features: |
|---|---|
| Priority Mail 2-Day™ | Certified Mail™ |

Return Receipt After Mailing

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **September 12, 2013, 6:21 pm** | Delivered | **OGDEN, UT 84201** |

Your item was delivered at 6 21 pm on September 12, 2013 in OGDEN, UT 84201

| | | |
|---|---|---|
| September 12, 2013 , 9:14 am | Arrived at Unit | OGDEN, UT 84401 |
| September 12, 2013 , 5:05 am | Departed USPS Facility | SALT LAKE CITY, UT 84199 |
| September 12, 2013 , 2:20 am | Arrived at USPS Facility | SALT LAKE CITY, UT 84199 |
| September 11, 2013 , 2:43 am | Departed USPS Facility | KEARNY, NJ 07032 |
| September 11, 2013 , 12:51 am | Arrived at USPS Origin Facility | KEARNY, NJ 07032 |
| September 10, 2013 , 6:45 pm | Departed Post Office | RIDGEFIELD, CT 06877 |
| September 10, 2013 , 5:03 pm | Acceptance | RIDGEFIELD, CT 06877 |

## Track Another Package

**Tracking (or receipt) number**

Track It

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Delivering Solutions to the Last Mile › Careers › National Postal Museum ›
Site Index ›

USPS.COM® | Copyright © 2014 USPS. All Rights Reserved.

# **EXHIBIT K**



Department of the Treasury
**Internal Revenue Service**

ACS SUPPORT
PO BOX 8208
PHILADELPHIA, PA 19101-8208

Date:
MAR. 04, 2014

Taxpayer Identification Number:
███████████  C 00

71617618363683522926

Case Reference Number:
0813958412
Caller ID:      461887

Contact Telephone Number:
TOLL FREE: 1-800-829-3903
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM LOCAL
ASISTENCIA EN ESPANOL 1-800-829-3903



ROBERT VOGLER
42 BOULDER HILL RD
RIDGEFIELD  CT  06877-5002429

000611

## CALL IMMEDIATELY TO PREVENT PROPERTY LOSS
## FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

### WHY WE ARE SENDING YOU THIS LETTER

We've written to you before asking you to contact us about your overdue taxes. You haven't responded or paid the amounts you owe. We encourage you to call us immediately at the telephone number listed above to discuss your options for paying these amounts. If you act promptly, we can resolve this matter without taking and selling your property to collect what you owe.

We are authorized to collect overdue taxes by taking, which is called levying, property or rights to property and selling them if necessary. Property includes bank accounts, wages, real estate commissions, business assets, cars and other income and assets.

### WHAT YOU SHOULD DO

This is your notice, as required under Internal Revenue Code sections 6330 and 6331, that we intend to levy on your property or your rights to property 30 days after the date of this letter unless you take one of these actions:
.     Pay the full amount you owe, shown on the back of this letter. When doing so,
     .    Please make your check or money order payable to the United States Treasury;
     .    Write your social security number and the tax year or employer identification number and the tax period
          on your payment; and enclose a copy of this letter with your payment.
.   Make payment arrangements, such as an installment agreement that allows you to pay off your debt over time.
.   Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days
     from the date of this letter.

### WHAT TO DO IF YOU DISAGREE

If you've paid already or think we haven't credited a payment to your account, please send us proof of that payment. You may also appeal our intended actions as described above.

Even if you request a hearing, please note that we can still file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice that tells your creditors that the government has a right to your current assets and any assets you acquire after we file the lien.

We've enclosed two publications that explain how we collect past due taxes and your collection appeal rights, as required under Internal Revenue Code sections 6330 and 6331. In addition, we've enclosed a form that you can use to request a Collection Due Process hearing.

We look forward to hearing from you immediately, and hope to assist you in fulfilling your responsibility as a taxpayer.

Enclosures: Copy of letter, Form 12153, Publication 594, Publication 1660, Envelope



*058401048103*

Automated Collection System

Letter 1058 (Rev. 05-2002)(LT-11)

Pay By Date:

| Account Summary | | ROBERT VOGLER | | | |
|---|---|---|---|---|---|
| Type of Tax | Period Ending | Assessed Balance | Accrued Interest | Late Payment Penalty | Total |
| CIVPEN | 12-31-2009 | $ 55,391.22 | | | |
| CIVPEN | 12-31-2010 | $ 55,399.76 | | | |

Total Amount Due

| Type of Tax | Period Ending | Name of Return |
|---|---|---|
| | | |

Department of the Treasury -- Internal Revenue Service

# **EXHIBIT L**


**IRS** Department of the Treasury
Internal Revenue Service

PHILADELPHIA  PA  19255-0025

In reply refer to:  0542090731
Jan. 23, 2014   LTR 854C   0
                 201012 55
                        00005445
BODC: SB

ROBERT VOGLER
42 BOULDER HILL RD
RIDGEFIELD  CT  06877-5002

020660

Taxpayer Identification Number:
        Tax Period(s):  Dec. 31, 2010

               Form:  6118

     Kind of Penalty:  Tax Return Preparer and Promoter
                       Penalties

Dear Taxpayer:

Thank you for the inquiry dated Sep. 13, 2013.

Penalty abatement not allowed. You have not demonstrated that you did
not prepare the returns subject to the penalty. Our records show you
prepared the returns in question even if this is not a regular service
of your firm.

If you want to appeal or give us more information, the following
will be helpful.

                    APPEALS PROCEDURES

If you have additional information and want your case to receive
further consideration by the Office of Appeals, please provide a
detailed written statement of the dispute issues, along with
supporting documentation, to the Service Center Appeals Coordinator
within 60 days from the date of this letter. It should include:

    1. Your name and address;
    2. Your social security number or employer identification number;
    3. A statement that you want to appeal the findings;
    4. A statement of facts supporting your position on the issues
       you are appealing;
    5. If possible, a statement outlining the law or other authority
       on which you rely;
    6. A copy of your original request, if available; and
    7. A copy of this letter.

The statement of facts, in 4 above, should be detailed and complete,
including specific dates, names, amounts, and locations. You must

```
                                                    0542090731
                              Jan. 23, 2014   LTR 854C   0
                                      201012 55
                                                    00005446
```

ROBERT VOGLER
42 BOULDER HILL RD
RIDGEFIELD  CT  06877-5002


declare the statement true under penalties of perjury. You may do
this by adding to your statement the following signed declaration:

> "Under penalties of perjury, I declare that the facts presented
> in my written protest, which are set out in the accompanying
> statement of facts, schedules, and other statements are, to the
> best of my knowledge and belief, true, correct, and complete."

If your authorized representative sends us the protest for you, he
or she may substitute a declaration stating that he or she prepared
the statement and accompanying documents and whether he or she knows
that the statement and accompanying documents are true and correct.

Please send your response to:

        Internal Revenue Service
        Service Center Penalty Appeals Coordinator
        Attn:  Mary Ann Gallagher
               2970 Market Street
               Philadelphia  PA  19104-5016

The Service Center Appeals Coordinator will review your appeal
information to determine whether the penalty should be removed or
reduced. If your appeal can't be resolved immediately with the
additional information, the coordinator will send your written
statement to the Appeals Office serving your district.

### REPRESENTATION

An attorney, certified public accountant, or person enrolled to
practice before the Internal Revenue Service may represent you.
To have someone represent you, attach a Form 2848, Power of
Attorney and Declaration of Representative, (or similar written
authorization) to your written statement.

Forms, instructions, and Treasury Department Circular 230,
Regulations Governing the Practice of Attorneys, Certified
Public Accountants, and Enrolled Agents Before the Internal
Revenue Service, are available from any Internal Revenue Service
office.

### OTHER INFORMATION

If taxes are overdue on your account, you will continue to receive
bills even if you appeal the penalty. If you decide to appeal,
you may pay the penalty to avoid further interest charges on the

```
                                                   0542090731
                              Jan. 23, 2014    LTR 854C    0
                              ███████████  201012 55
                                                   00005447
```

ROBERT VOGLER
42 BOULDER HILL RD
RIDGEFIELD  CT  06877-5002



020660

penalty amount. If you appeal the penalty and the Appeals Officer
determines that you are not required to pay it, we will adjust your
account and send you a refund.

If you don't appeal, you may file a claim for refund after you pay
the penalty. If you want to take your case to court immediately, you
should request in writing that your claim for refund be immediately
rejected. Then you will be issued a notice of disallowance. You
have two years from the date of the notice of disallowance to bring
suit in the United States District Court having jurisdiction or in
the United States Claims Court.

If you have any questions, please call us toll free at
1-800-829-8374.

If you prefer, you may write to us at the address shown at the
top of the first page of this letter.

Whenever you write, please include this letter and, in the spaces
below, give us your telephone number with the hours we can reach you.
Keep a copy of this letter for your records.

Telephone Number (    )_____  Hours_____


                         Sincerely yours,


                         *Nancy J Aiello*

                         Nancy J. Aiello
                         Field Director, Accounts Management

Enclosures:
Copy of this letter
Envelope

# **EXHIBIT M**



**GREEN & SKLARZ** LLC

Attorneys at Law
www.gs-lawfirm.com

**Eric L. Green**
Phone: (203) 285-8545 x102
Direct Dial: (203) 361-3139
Fax: (203) 286-1311
egreen@gs-lawfirm.com

700 State Street, Ste 304
New Haven, CT 06511

<u>**Via Certified Mail**</u>

March 23, 2014

Internal Revenue Service
ACS Support
PO Box 8208
Philadelphia, PA 19101-8208

Re:    Robert Vogler, SN ███████

Dear Sir or Madam:

Enclosed please find our request for a Collection Due Process hearing for the 2009 and 2010 tax years, as well as a copy of your final notice and our Power of Attorney.

Very truly yours,

Eric L. Green

Enclosures
C.    R. Vogler

Form **12153**
(Rev. 12-2013)

# Request for a Collection Due Process or Equivalent Hearing

Use this form to request a Collection Due Process (CDP) or equivalent hearing with the IRS Office of Appeals if you have been issued one of the following lien or levy notices:

- Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320,
- Notice of Intent to Levy and Notice of Your Right to a Hearing,
- Notice of Jeopardy Levy and Right of Appeal,
- Notice of Levy on Your State Tax Refund,
- Notice of Levy and Notice of Your Right to a Hearing.

**Complete this form and send it to the address shown on your lien or levy notice.** Include a copy of your lien or levy notice to ensure proper handling of your request.

Call the phone number on the notice or 1-800-829-1040 if you are not sure about the correct address or if you want to fax your request.

You can find a section explaining the deadline for requesting a Collection Due Process hearing in this form's instructions. If you've missed the deadline for requesting a CDP hearing, you must check line 7 (Equivalent Hearing) to request an equivalent hearing.

1. Taxpayer Name: (Taxpayer 1)    Robert Vogler

   Taxpayer Identification Number ▮▮▮▮▮▮▮▮

   Current Address    42 Boulder Hill Road

   City Ridgefield        State CT    Zip Code 06877

| 2. Telephone Number and Best Time to Call During Normal Business Hours | Home ( 203 ) 285 – 8545    10:00    [X] am. [ ] pm. |
|---|---|
| | Work ( ___ ) ___ – _____    [ ] am. [ ] pm. |
| | Cell ( ___ ) ___ –    [ ] am. [ ] pm. |

3. Taxpayer Name: (Taxpayer 2) _____

   Taxpayer Identification Number _____

   Current Address _____
   *(If Different from Address Above)* City _____  State _____  Zip Code _____

| 4. Telephone Number and Best Time to Call During Normal Business Hours | Home ( ___ ) ___ – _____    [ ] am. [ ] pm. |
|---|---|
| | Work ( ___ ) ___ – _____    [ ] am. [ ] pm. |
| | Cell ( ___ ) ___ –    [ ] am. [ ] pm. |

5. Tax Information as Shown on the Lien or Levy Notice (*If possible, attach a copy of the notice*)

| Type of Tax (Income, Employment, Excise, etc. or Civil Penalty) | Tax Form Number (1040, 941, 720, etc) | Tax Period or Periods |
|---|---|---|
| Civil Penalty | Preparer Penalty | 12/31/09, 12/31/10 |
| | | |
| | | |

| Form **12153**<br>(Rev. 12-2013) | **Request for a Collection Due Process or Equivalent Hearing** |
|---|---|

**6.** Basis for Hearing Request (Both boxes can be checked if you have received both a lien and levy notice)

☐ Filed Notice of Federal Tax Lien          ☒ Proposed Levy or Actual Levy

**7.** Equivalent Hearing (See the instructions for more information on Equivalent Hearings)

☐ I would like an Equivalent Hearing - I would like a hearing equivalent to a CDP Hearing if my request for a CDP hearing does not meet the requirements for a timely CDP Hearing.

**8.** Check the most appropriate box for the reason you disagree with the filing of the lien or the levy. **See page 4 of this form for examples.** You can add more pages if you don't have enough space. If, during your CDP Hearing, you think you would like to discuss a Collection Alternative to the action proposed by the Collection function it is recommended you submit a completed Form 433A (Individual) and/or Form 433B (Business), as appropriate, with this form. See www.irs.gov for copies of the forms. Generally, the Office of Appeals will ask the Collection Function to review, verify and provide their opinion on any new information you submit. We will share their comments with you and give you the opportunity to respond.

Collection Alternative ☐ Installment Agreement ☐ Offer in Compromise ☐ I Cannot Pay Balance

Lien          ☐ Subordination          ☐ Discharge          ☐ Withdrawal
Please explain:

My Spouse Is Responsible          ☐ Innocent Spouse Relief (Please attach Form 8857, *Request for Innocent Spouse Relief,* to your request.)

Other (*For examples, see page 4*)          ☒

Reason (*You must provide a reason for the dispute or your request for a CDP hearing will not be honored. Use as much space as you need to explain the reason for your request. Attach extra pages if necessary.*):

Taxpayer disputes his responsibility and is filing a refund claim in federal district court challenging this liability. In addition, the 2010 appears premature as his refund request has yet to be denied.

**9.** Signatures          I understand the CDP hearing and any subsequent judicial review will suspend the statutory period of limitations for collection action. I also understand my representative or I must sign and date this request before the IRS Office of Appeals can accept it. If you are signing as an officer of a company add your title (*president, secretary, etc.*) behind your signature.

**SIGN HERE**

| Taxpayer 1's Signature *POA* | Date 3/23/14 |
|---|---|
| Taxpayer 2's Signature (*if a joint request, both must sign*) | Date |

☒ I request my CDP hearing be held with my authorized representative (*attach a copy of Form 2848*)

| Authorized Representative's Signature *POA* | Authorized Representative's Name<br>Eric L. Green | Telephone Number<br>203-285-8545 |
|---|---|---|

**IRS Use Only**

| IRS Employee (Print) | Employee Telephone Number | IRS Received Date |
|---|---|---|

Form **12153** (Rev. 12-2013)          Catalog Number 26685D          www.irs.gov          Department of the Treasury - **Internal Revenue Service**

Form **2848**
(Rev. March 2012)
Department of the Treasury
Internal Revenue Service

## Power of Attorney
## and Declaration of Representative

▶ Type or print.  ▶ See the separate instructions.

OMB No. 1545-0150

| For IRS Use Only | |
|---|---|
| Received by: | |
| Name | |
| Telephone | |
| Function | |
| Date | / / |

**Part I**  **Power of Attorney**

**Caution:** *A separate Form 2848 should be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1  Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) | |
|---|---|---|
| Robert Vogler<br>42 Boulder Hill Rd<br>Ridgefield, CT 06877-5002 | ▮▮▮▮▮ | |
| | Daytime telephone number<br>203.885.3149 | Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2  Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | | |
|---|---|---|
| Eric L. Green<br>700 State Street, Ste. 304<br>New Haven, CT 06511 | CAF No. 0100-75305R<br>PTIN ▮▮▮▮▮<br>Telephone No. 203.285.8545<br>Fax No. 203.286.1311 | |
| Check if to be sent notices and communications ☐ | Check if new: Address ☑  Telephone No. ☑  Fax No. ☑ | |

| Name and address | | |
|---|---|---|
| Jeffrey M. Sklarz<br>700 State Street, Ste. 304<br>New Haven, CT 06511 | CAF No. 0300-93220R<br>PTIN<br>Telephone No. 203.285.8545<br>Fax No. | |
| Check if to be sent notices and communications ☐ | Check if new: Address ☑  Telephone No. ☑  Fax No. ☑ | |

| Name and address | | |
|---|---|---|
| | CAF No.<br>PTIN<br>Telephone No.<br>Fax No. | |
| | Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ | |

to represent the taxpayer before the Internal Revenue Service for the following matters:

**3  Matters**

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, etc.) (see instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions for line 3) |
|---|---|---|
| Practitioner Discipline | 5816 | 2009-10 |
| | | |
| | | |
| | | |

**4  Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific Uses Not Recorded on CAF  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☐

**5  Acts authorized.** Unless otherwise provided below, the representatives generally are authorized to receive and inspect confidential tax information and to perform any and all acts that I can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The representative(s), however, is (are) not authorized to receive or negotiate any amounts paid to the client in connection with this representation (including refunds by either electronic means or paper checks). Additionally, unless the appropriate box(es) below are checked, the representative(s) is (are) not authorized to execute a request for disclosure of tax returns or return information to a third party, substitute another representative or add additional representatives, or sign certain tax returns.

☐ Disclosure to third parties;  ☑ Substitute or add representative(s);  ☐ Signing a return;  _____

☐ Other acts authorized: _____

_____ (see instructions for more information)

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Treasury Department Circular No. 230 (Circular 230). An enrolled retirement plan agent may only represent taxpayers to the extent provided in section 10.3(e) of Circular 230. A registered tax return preparer may only represent taxpayers to the extent provided in section 10.3(f) of Circular 230. See the line 5 instructions for restrictions on tax matters partners. In most cases, the student practitioner's (level k) authority is limited (for example, they may only practice under the supervision of another practitioner).

List any specific deletions to the acts otherwise authorized in this power of attorney: _____

_____

_____

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.    Cat. No. 11980J    Form **2848** (Rev. 3-2012)

Form 2848 (Rev. 3-2012)                                                                                                          Page **2**

| 6 | Retention/revocation of prior power(s) of attorney. The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐ |
|---|---|

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

7   **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, the husband and wife must each file a separate power of attorney even if the same representative(s) is (are) being appointed. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED TO THE TAXPAYER.**

| Signature | Date 3/14/14 | Title (if applicable) |
|---|---|---|
| Print Name R.W. VOGLER | PIN Number ☐☐☐☐☐ | Print name of taxpayer from line 1 if other than individual |

## Part II    Declaration of Representative

Under penalties of perjury, I declare that:

• I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
• I am aware of regulations contained in Circular 230 (31 CFR, Part 10), as amended, concerning practice before the Internal Revenue Service;
• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and
• I am one of the following:

 a  **Attorney**—a member in good standing of the bar of the highest court of the jurisdiction shown below.

 b  **Certified Public Accountant**—duly qualified to practice as a certified public accountant in the jurisdiction shown below.

 c  **Enrolled Agent**—enrolled as an agent under the requirements of Circular 230.

 d  **Officer**—a bona fide officer of the taxpayer's organization.

 e  **Full-Time Employee**—a full-time employee of the taxpayer.

 f  **Family Member**—a member of the taxpayer's immediate family (for example, spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

 g  **Enrolled Actuary**—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).

 h  **Unenrolled Return Preparer**—Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have signed the return. See Notice 2011-6 and Special rules for registered tax return preparers and unenrolled return preparers in the instructions.

 i  **Registered Tax Return Preparer**—registered as a tax return preparer under the requirements of section 10.4 of Circular 230. Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have signed the return. **See Notice 2011-6 and Special rules for registered tax return preparers and unenrolled return preparers in the instructions.**

 k  **Student Attorney or CPA**—receives permission to practice before the IRS by virtue of his/her status as a law, business, or accounting student working in LITC or STCP under section 10.7(d) of Circular 230. See instructions for Part II for additional information and requirements.

 r  **Enrolled Retirement Plan Agent**—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN LINE 2 ABOVE. See the instructions for Part II.**

**Note:** For designations d-f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column. See the instructions for Part II for more information.

| Designation—Insert above letter (a–r) | Licensing jurisdiction (state) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable). See instructions for Part II for more information. | Signature | Date |
|---|---|---|---|---|
| a | CT | 418633 | | |
| a | CT | 417590 | | |

Form **2848** (Rev. 3-2012)

SBW



**IRS** Department of the Treasury
Internal Revenue Service

ACS SUPPORT
PO BOX 8208
PHILADELPHIA, PA 19101-8208

Date:
MAR. 04, 2014

Taxpayer Identification Number:
██████████████  C 00

71617618363683522926

Case Reference Number:
0813958412

Caller ID:        461887

Contact Telephone Number:
TOLL FREE: 1-800-829-3903
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM LOCAL
ASISTENCIA EN ESPANOL 1-800-829-3903

ROBERT VOGLER
42 BOULDER HILL RD
RIDGEFIELD  CT  06877-5002429

000614

## CALL IMMEDIATELY TO PREVENT PROPERTY LOSS
## FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

### WHY WE ARE SENDING YOU THIS LETTER

We've written to you before asking you to contact us about your overdue taxes. You haven't responded or paid the amounts you owe. We encourage you to call us immediately at the telephone number listed above to discuss your options for paying these amounts. If you act promptly, we can resolve this matter without taking and selling your property to collect what you owe.

We are authorized to collect overdue taxes by taking, which is called levying, property or rights to property and selling them if necessary. Property includes bank accounts, wages, real estate commissions, business assets, cars and other income and assets.

### WHAT YOU SHOULD DO

This is your notice, as required under Internal Revenue Code sections 6330 and 6331, that we intend to levy on your property or your rights to property 30 days after the date of this letter unless you take one of these actions:
.    Pay the full amount you owe, shown on the back of this letter. When doing so,
    .    Please make your check or money order payable to the United States Treasury;
    .    Write your social security number and the tax year or employer identification number and the tax period
        on your payment; and enclose a copy of this letter with your payment.
.    Make payment arrangements, such as an installment agreement that allows you to pay off your debt over time.
.    Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days
    from the date of this letter.

### WHAT TO DO IF YOU DISAGREE

If you've paid already or think we haven't credited a payment to your account, please send us proof of that payment. You may also appeal our intended actions as described above.

Even if you request a hearing, please note that we can still file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice that tells your creditors that the government has a right to your current assets and any assets you acquire after we file the lien.

We've enclosed two publications that explain how we collect past due taxes and your collection appeal rights, as required under Internal Revenue Code sections 6330 and 6331. In addition, we've enclosed a form that you can use to request a Collection Due Process hearing.

We look forward to hearing from you immediately, and hope to assist you in fulfilling your responsibility as a taxpayer.

Enclosures: Copy of letter, Form 12153, Publication 594, Publication 1660, Envelope



*058401048103*

Automated Collection System

Letter 1058 (Rev. 05-2002)(LT-11)

Pay By Date:

## Account Summary — ROBERT VOGLER

| Type of Tax | Period Ending | Assessed Balance | Accrued Interest | Late Payment Penalty | Total |
|---|---|---|---|---|---|
| CIVPEN | 12-31-2009 | $ 55,391.22 | | | |
| CIVPEN | 12-31-2010 | $ 55,399.76 | | | |

**Total Amount Due**

| Type of Tax | Period Ending | Name of Return |
|---|---|---|
| | | |

# **EXHIBIT N**



**GREEN &**
**SKLARZ** LLC
Attorneys at Law
www.gs-lawfirm.com

**Eric L. Green**
Phone: (203) 285-8545 x102
Direct Dial: (203) 361-3139
Fax: (203) 286-1311
egreen@gs-lawfirm.com

700 State Street, Ste 304
New Haven, CT 06511

<u>**Via FEDEX**</u>

March 24, 2014

Internal Revenue Service
Service Center Penalty Appeals Coordinator
Attn: Mary Ann Gallagher
2970 Market Street
Philadelphia, PA 19104-5016

Re:     Robert Vogler, SN ███████████

Dear Sir or Madam:

We are requesting an appeal of your denial of the Taxpayer's penalty abatement.  A Copy of
your letter is enclosed for your reference.

Enclosed is also the following:
- A Copy of your denial letter
- A Copy of our Form 2848 Power of Attorney

The penalty was imposed on Mr. Vogler because he had clients that refused to take a salary
from their Subchapter S Corporations.  The IRS charged him with both the IRC 6694(a) and
6694(b) penalties.  We believe this was excessive.

The facts that we believe support
- <u>Mr. Vogler informed all of these clients in writing that they were required to take a
  reasonable salary</u>.  The examiner deemed this to be proof that Mr. Vogler was reckless
  when he filed the returns and the taxpayer's had not taken a salary.  The problem with
  this is that Mr. Vogler did not do the taxpayer's bookkeeping or their payroll.  The IRS is
  in effect requiring Mr. Vogler to create a salary for the taxpayer's after the fact.  In many
  cases the 941s would need to be created after the fact or amended and W-2s and W-3s

amended as well.  This is not a requirement of the tax practitioner.  Circular 230 requires him to point out the issue to the taxpayer and recommend they amend or fix the issue, not to become an enforcement agent of the IRS.

- <u>The tax returns were correct as filed</u>.  The examiner did not state that anything on the returns was wrong, just that Mr. Vogler should have known they should have taken a salary and created one for them. We do not understand how Mr. Vogler could be charged as reckless when he himself advises the taxpayers to take a salary.  In it worth noting the examiner did not charge a penalty to any of the taxpayers, despite their being informed in writing by their practitioner to take a salary.

- <u>It is the IRS commissioner's job to adjust the salary to reflect economic reality</u>. IRC 1366(e) states that "the Secretary shall make such adjustments in the items taken into account by such individual and such shareholders as may be necessary in order to reflect the value of such services or capital."  It was in the IRS examiner's purview to make these adjustments, not the tax practitioner.

Despite our arguments above, if the practitioner had recommended no salary be taken to these clients I believe the penalty would be appropriate.  Coaching clients to take aggressive positions would seem to be the target of these preparer penalties.  But to penalize the practitioner solely because his clients failed to listen to him seems outrageous.  I have been doing this for 15 years, chair the Connecticut Tax Bar, and yet most of my clients do not listen to me.  To penalize me because my clients are dolts who do not listen to me is not ground for a preparer penalty, let alone a reckless or willful conduct penalty.

I look forward to when the appeal is scheduled.  I can be reached at (203) 285-8545.

Very truly yours,

Eric L. Green

Enclosures
C.    R. Vogler

| Form **2848** | **Power of Attorney** | OMB No. 1545-0150 |
|---|---|---|

Form **2848**
(Rev. March 2012)
Department of the Treasury
Internal Revenue Service

# Power of Attorney
## and Declaration of Representative
▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name _____
Telephone _____
Function _____
Date ___ / ___ / ___

## Part I  Power of Attorney

**Caution:** *A separate Form 2848 should be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1  Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

Taxpayer name and address
Robert Vogler
42 Boulder Hill Rd
Ridgefield, CT 06877-5002

Taxpayer identification number(s)

Daytime telephone number
203.885.3149

Plan number (if applicable)

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2  Representative(s)** must sign and date this form on page 2, Part II.

Name and address
Eric L. Green
700 State Street, Ste. 304
New Haven, CT 06511

CAF No. 0100-75305R
PTIN
Telephone No. 203.285.8545
Fax No. 203.286.1311
Check if to be sent notices and communications ☐   Check if new: Address ☑  Telephone No. ☑  Fax No. ☑

Name and address
Jeffrey M. Sklarz
700 State Street, Ste. 304
New Haven, CT 06511

CAF No. 0300-93220R
PTIN
Telephone No. 203.285.8545
Fax No.
Check if to be sent notices and communications ☐   Check if new: Address ☑  Telephone No. ☑  Fax No. ☑

Name and address

CAF No.
PTIN
Telephone No.
Fax No.
Check if new: Address ☐  Telephone No. ☐  Fax No. ☐

to represent the taxpayer before the Internal Revenue Service for the following matters:

**3  Matters**

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, etc.) (see instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions for line 3) |
|---|---|---|
| Practitioner Discipline | 5816 | 2009-10 |
| | | |
| | | |

**4  Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the Instructions for Line 4. Specific Uses Not Recorded on CAF . . . . . . . . . . ▶ ☐

**5  Acts authorized.** Unless otherwise provided below, the representatives generally are authorized to receive and inspect confidential tax information and to perform any and all acts that I can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The representative(s), however, is (are) not authorized to receive or negotiate any amounts paid to the client in connection with this representation (including refunds by either electronic means or paper checks). Additionally, unless the appropriate box(es) below are checked, the representative(s) is (are) not authorized to execute a request for disclosure of tax returns or return information to a third party, substitute another representative or add additional representatives, or sign certain tax returns.

☐ Disclosure to third parties;   ☑ Substitute or add representative(s);   ☐ Signing a return;   _____

☐ Other acts authorized: _____

(see instructions for more information)

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Treasury Department Circular No. 230 (Circular 230). An enrolled retirement plan agent may only represent taxpayers to the extent provided in section 10.3(e) of Circular 230. A registered tax return preparer may only represent taxpayers to the extent provided in section 10.3(f) of Circular 230. See the line 5 instructions for restrictions on tax matters partners. In most cases, the student practitioner's (level k) authority is limited (for example, they may only practice under the supervision of another practitioner).

List any specific deletions to the acts otherwise authorized in this power of attorney: _____

Form 2848 (Rev. 3-2012)                                                                                                              Page **2**

**6**  **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**7**  **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, the husband and wife must each file a separate power of attorney even if the same representative(s) is (are) being appointed. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or  trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED TO THE TAXPAYER.**

| | | |
|---|---|---|
| _Signature_ | 3/14/14 _Date_ | _Title (if applicable)_ |
| R.W. VOGLER _Print Name_ | ☐☐☐☐☐ PIN Number | _Print name of taxpayer from line 1 if other than individual_ |

**Part II**    **Declaration of Representative**

Under penalties of perjury, I declare that:

• I am not currently under suspension or disbarment from practice before the Internal Revenue Service;

• I am aware of regulations contained in Circular 230 (31 CFR, Part 10), as amended, concerning practice before the Internal Revenue Service;

• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and

• I am one of the following:

 **a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

 **b** Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.

 **c** Enrolled Agent—enrolled as an agent under the requirements of Circular 230.

 **d** Officer—a bona fide officer of the taxpayer's organization.

 **e** Full-Time Employee—a full-time employee of the taxpayer.

 **f** Family Member—a member of the taxpayer's immediate family (for example, spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

 **g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).

 **h** Unenrolled Return Preparer—Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have signed the return. See Notice 2011-6 and Special rules for registered tax return preparers and unenrolled return preparers in the instructions.

 **I** Registered Tax Return Preparer—registered as a tax return preparer under the requirements of section 10.4 of Circular 230. Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have signed the return.  See Notice 2011-6 and Special rules for registered tax return preparers and unenrolled return preparers in the instructions.

 **k** Student Attorney or CPA—receives permission to practice before the IRS by virtue of his/her status as a law, business, or accounting student working in LITC or STCP under section 10.7(d) of Circular 230. See instructions for Part II for additional information and requirements.

 **r** Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN LINE 2 ABOVE.** See the instructions for Part II.

**Note:** For designations d-f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column. See the instructions for Part II for more information.

| Designation—Insert above letter (a–r) | Licensing jurisdiction (state) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable). See instructions for Part II for more information. | Signature | Date |
|---|---|---|---|---|
| a | CT | 418633 | | |
| a | CT | 417590 | | |

Form **2848** (Rev. 3-2012)

 **IRS** Department of the Treasury
Internal Revenue Service

PHILADELPHIA   PA   19255-0025

In reply refer to:   0542090731
Jan. 23, 2014   LTR 854C   0
                          201012 55
                                    00005445
                          BODC: SB

ROBERT VOGLER
42 BOULDER HILL RD
RIDGEFIELD   CT   06877-5002



020660

          Taxpayer Identification Number:   ████████
                    Tax Period(s):   Dec. 31, 2010
                          Form:   6118

          Kind of Penalty:   Tax Return Preparer and Promoter
                             Penalties


Dear Taxpayer:

Thank you for the inquiry dated Sep. 13, 2013.

Penalty abatement not allowed. You have not demonstrated that you did
not prepare the returns subject to the penalty. Our records show you
prepared the returns in question even if this is not a regular service
of your firm.

If you want to appeal or give us more information, the following
will be helpful.

                    APPEALS PROCEDURES

If you have additional information and want your case to receive
further consideration by the Office of Appeals, please provide a
detailed written statement of the dispute issues, along with
supporting documentation, to the Service Center Appeals Coordinator
within 60 days from the date of this letter. It should include:

     1. Your name and address;
     2. Your social security number or employer identification number;
     3. A statement that you want to appeal the findings;
     4. A statement of facts supporting your position on the issues
        you are appealing;
     5. If possible, a statement outlining the law or other authority
        on which you rely;
     6. A copy of your original request, if available; and
     7. A copy of this letter.

The statement of facts, in 4 above, should be detailed and complete,
including specific dates, names, amounts, and locations. You must

```
                                              0542090731
                           Jan. 23, 2014   LTR 854C   0
                     ███████████████  201012 55
                                              00005446
```

ROBERT VOGLER
42 BOULDER HILL RD
RIDGEFIELD  CT  06877-5002


declare the statement true under penalties of perjury. You may do
this by adding to your statement the following signed declaration:

"Under penalties of perjury, I declare that the facts presented
in my written protest, which are set out in the accompanying
statement of facts, schedules, and other statements are, to the
best of my knowledge and belief, true, correct, and complete."

If your authorized representative sends us the protest for you, he
or she may substitute a declaration stating that he or she prepared
the statement and accompanying documents and whether he or she knows
that the statement and accompanying documents are true and correct.

Please send your response to:

      Internal Revenue Service
      Service Center Penalty Appeals Coordinator
      Attn:  Mary Ann Gallagher
             2970 Market Street
             Philadelphia  PA  19104-5016

The Service Center Appeals Coordinator will review your appeal
information to determine whether the penalty should be removed or
reduced. If your appeal can't be resolved immediately with the
additional information, the coordinator will send your written
statement to the Appeals Office serving your district.

### REPRESENTATION

An attorney, certified public accountant, or person enrolled to
practice before the Internal Revenue Service may represent you.
To have someone represent you, attach a Form 2848, Power of
Attorney and Declaration of Representative, (or similar written
authorization) to your written statement.

Forms, instructions, and Treasury Department Circular 230,
Regulations Governing the Practice of Attorneys, Certified
Public Accountants, and Enrolled Agents Before the Internal
Revenue Service, are available from any Internal Revenue Service
office.

### OTHER INFORMATION

If taxes are overdue on your account, you will continue to receive
bills even if you appeal the penalty. If you decide to appeal,
you may pay the penalty to avoid further interest charges on the

```
                                               0542090731
                        Jan. 23, 2014    LTR 854C    0
                               201012 55
                                               00005447
```

ROBERT VOGLER
42 BOULDER HILL RD
RIDGEFIELD  CT  06877-5002



20660

penalty amount. If you appeal the penalty and the Appeals Officer
determines that you are not required to pay it, we will adjust your
account and send you a refund.

If you don't appeal, you may file a claim for refund after you pay
the penalty. If you want to take your case to court immediately, you
should request in writing that your claim for refund be immediately
rejected. Then you will be issued a notice of disallowance. You
have two years from the date of the notice of disallowance to bring
suit in the United States District Court having jurisdiction or in
the United States Claims Court.

If you have any questions, please call us toll free at
1-800-829-8374.

If you prefer, you may write to us at the address shown at the
top of the first page of this letter.

Whenever you write, please include this letter and, in the spaces
below, give us your telephone number with the hours we can reach you.
Keep a copy of this letter for your records.

Telephone Number (    )_____  Hours_____


                         Sincerely yours,


                         *Nancy J Aiello*

                         Nancy J. Aiello
                         Field Director, Accounts Management

Enclosures:
Copy of this letter
Envelope

# **EXHIBIT O**

MAY-14-2014  11:46          APPEALS Philadelphia          215 861 1761     P.02/03

 **Department of the Treasury
Internal Revenue Service**

**IRS**  600 Arch Street
Room 6448
Philadelphia, PA  19106

ROBERT VOGLER
42 BOULDER HILL RD
RIDGEFIELD, CT  06877-5002

Date:
  May 14, 2014
**Taxpayer Identification number:**

Form:
  Civil Penalty Assessments
**Tax period(s) ended:**
  12/2009 12/2010
**Person to contact:**
  Name: Sean Franklin
  Employee number: 1000244255
  Telephone: 215-861-3842
  Fax: 855-731-5968
**Refer reply to:**

**Appeals Received Your Request for a Collection Due Process Hearing**

Dear Mr. Robert Vogler:

We received your request for a Collection Due Process (CDP) and/or Equivalent Hearing in our Memphis Appeals office on 3/27/2014.

Your levy hearing request regarding the proposed levy action for the tax periods shown above was timely. The legal period for collection is suspended and generally no levy action may be taken from the date you sent your request until any Appeals' decision becomes final for the tax period(s) shown above.

I have scheduled a telephone conference for you. I will call you on 6/16/2014 at 10:00 EDT.

This is your opportunity to discuss with me the reasons you disagree with the collection action or to discuss alternatives to the collection action. If this time is not convenient for you, or you would prefer another type of conference (telephone, correspondence or face-to-face), please call or write me within 14 days from the date of this letter.

Our office is separate from, and independent of, the IRS office taking the action that you disagree with. We review and resolve disputes in a fair and impartial manner by weighing the facts according to the law and judicial decisions.

During the hearing, I must consider:

- Whether the IRS met all the requirements of any applicable law or administrative procedure

- Any legitimate issue(s) you wish to discuss. These can include

  1. Collection alternatives to levy, such as full payment of the liability, an installment agreement, or an offer in compromise. Although these collection options may not necessarily be considered an "alternative" to a notice of lien filing, they may be discussed at a lien hearing.

  2. Challenges to the appropriateness of collection action. If this is a lien hearing, you may ask us to determine if the notice of lien filing was appropriate and if you qualify for a notice of lien withdrawal or other lien options.

  3. Spousal defenses, when applicable.

**Letter 4836 (Rev. 6-2013)**
Catalog Number 58665T

MAY-14-2014  11:47      APPEALS Philadelphia                    215 861 1761    P.03/03

4. Whether you owe the amount due, but only if you did not receive a statutory notice of deficiency or have not otherwise had an opportunity to dispute your liability with Appeals.

In considering your case, I will balance the IRS' need for efficient tax collection and your legitimate concern that the collection action be no more intrusive than necessary.

You are entitled to have your conference with an Appeals employee who has had no prior involvement with the tax period(s) at issue (other than a prior CDP Hearing), either in Appeals or in the Compliance (Collection or Examination) division. I don't recall any previous involvement with these tax periods; however, if you believe I've had previous involvement, please call me immediately to discuss. If I've been involved but you still want me to conduct your hearing, you may waive your right to have another Appeals employee consider your case.

You are not able to dispute the liability in your CDP hearing because:

the issue was previously considered in Appeals and a decision rendered

Review of the account activity indicates that you previously had a dispute of the liability considered in Appeals; this issue is precluded from being raised again. If you would like a collection alternative considered, please contact the Settlement Officer with sufficient time to ensure all necessary documentation is submitted prior to the hearing.

At the conclusion of the hearing process, we will issue a determination letter as required by law for the tax periods for which your CDP hearing request was received timely. If you do not agree with our determination, you may appeal the case to the United States Tax Court.

The Office of Appeals may ask the Collection function to review, verify and provide their opinion on any new information you submit. You will receive any comments, and you will have an opportunity to respond.

If you do not participate in a conference or respond to this letter, the determination or decision letter that we issue will be based on your CDP request, any information you previously provided to this office, and any information we have on file regarding the applicable tax period(s).

Please contact me with any questions or concerns you have regarding this letter or the CDP procedures. My telephone number is listed in the heading to this letter.

Sincerely,

Sean Franklin
Settlement Officer


cc: Eric Green


**Letter 4836 (Rev. 6-2013)**
Catalog Number 58665T

TOTAL P.03

# **EXHIBIT P**

**Internal Revenue Service**
**Small Business and Self-Employed**
135 High Street Stop 190
Hartford CT 06103-1185

**Department of the Treasury**

Date:  MAY 2 9 2014

Taxpayer Identification Number:

Form:
  8278
Tax Period(s) Ended:
  December 31, 2009

Robert Vogler
42 Boulder Hill Road
Ridgefield, CT 06877-5002

Person to Contact:
  Ms. Knight

Contact Telephone Number:
  860-756-4414
Contact Fax Number:
  860-756-4458
Employee Identification Number:
  0669474
Refer Reply to:

**CERTIFIED MAIL**
**No** 7009 0820 0000 8498 1345

Dear Taxpayer:

Last Date to Respond to this Letter:  AUG 2 7 2014

This letter is your legal notice that we have fully disallowed your claim for a refund and an adjustment to the preparer penalty, under Section 6694 of the Internal Revenue Code, with respect to an understatement of a taxpayer's tax liability.

In order to recover any penalty and related interest for which this disallowance notice is issued, you must pay the entire penalty and interest within three years from the original payment due date. You may then file suit in United States District Court or the United States Court of Federal Claims within two years from the date of this notice. However, if you file this claim within thirty days of the first notice of assessment, then you must file suit in your United States District Court by the earlier of these two dates:

- Six months and 30 days from the date you filed this claim, or
- 30 days from the date of this notice

If you have any questions, please refer to the enclosed Publication 5, *Your Appeal Rights and How to Prepare a Protest If You Don't Agree,* and Publication 556, *Examination of Returns, Appeal Rights, and Claims for Refund.* If you have additional questions, please contact the person whose name and telephone number are shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Kevin Harris
Technical Services Territory Manager, NAA

Enclosures:
Publication 5
Publication 556

Letter 906-P (7-2008)
Catalog Number 51556P

# **EXHIBIT Q**



**GREEN &**
**SKLARZ** LLC
Attorneys at Law
www.gs-lawfirm.com

**Eric L. Green**
Phone: (203) 285-8545 x102
Direct Dial: (203) 361-3139
Fax: (203) 286-1311
egreen@gs-lawfirm.com

700 State Street, Ste 304
New Haven, CT 06511

**By Fax: (855) 731-5968**

June 18, 2014

Internal Revenue Service
Att: Sean Franklin
600 Arch Street
Room 6448
Philadelphia, PA 19106

Re:    Robert Vogler CDP Hearing

Dear Mr. Franklin:

In reviewing Mr. Vogler's case I noted that it appears the Final Notice of Threat To Levy was issued prematurely by the IRS.

- The taxpayer paid the 15% and filed his claim for refund of the assessment on September 13, 2013.
- On January 23, 2014 the refund was denied, allowing 60 days for an appeal (until March 24, 2014)
- On March 24, 2014, the taxpayer filed his appeal.
- On May 29, 2014 the appeal was denied, giving the taxpayer until June 28, 2014 to file a refund claim in federal district court.

The IRS Collection Division issued its Final Notice of Intent to Levy on March 4, 2014.

Pursuant to IRC § 6703(c)(1) and IRM § 5.20.8.7.1, once the taxpayer paid the 15% and filed his claim for refund all collection for the penalty issue ceases. That has not yet happened, and will not happen until at least June 28, 2014, and probably longer since we plan on filing in federal district court.

Please reply and let me know your thoughts, but it seems to us that the Final Notice of Intent to Levy was issued prematurely and should be retracted and collection held in abeyance until the refund claim is settled.  I can be reached at (203) 285-8545.

Very truly yours,

Eric L. Green

C. R. Vogler

# **EXHIBIT R**

# Internal Revenue Service
## United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

Request Date: 10-30-2014
Response Date: 10-30-2014
Tracking Number: 100217376008

Account Transcript

FORM NUMBER: CIVIL PENALTY           TAX PERIOD: Dec. 31, 2009

TAXPAYER IDENTIFICATION NUMBER:           ██████████

ROBERT VOGLER
42 BOULDER HILL RD
RIDGEFIELD, CT 06877-5002-429


--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:        52,963.22
ACCRUED INTEREST:       1,930.45          AS OF: Nov. 10, 2014

ACCOUNT BALANCE
   PLUS ACCRUALS
   (this is not a
   payoff amount):    54,893.67

** INFORMATION FROM THE RETURN OR AS ADJUSTED **


                          TRANSACTIONS
CODE EXPLANATION OF TRANSACTION          CYCLE    DATE              AMOUNT
240  Miscellaneous penalty               20133405 08-12-2013    $13,000.00
     29251-224-13500-3

290  Additional tax assessed - quick     20133405 08-12-2013         $0.00
     assessment
     29251-224-13500-3

240  Miscellaneous penalty               20133405 08-12-2013    $52,000.00
     29251-224-13501-3

290  Additional tax assessed - quick     20133405 08-12-2013         $0.00
     assessment

29251-224-13501-3

| 196 | Interest charged for late payment | 20133405 | 09-09-2013 | $149.76 |
| 706 | Credit transferred in from 1040 201112 | | 08-12-2013 | -$8.49 |
| 736 | Interest credited to your account 1040 201112 | | 08-12-2013 | -$0.05 |
| 670 | Payment | | 09-13-2013 | -$7,800.00 |
| 670 | Payment | | 09-13-2013 | -$1,950.00 |
| 290 | Additional tax assessed 29254-457-96100-4 | 20140905 | 03-17-2014 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 03-17-2014 | $0.00 |
| 706 | Credit transferred in from 1040 201312 | | 03-17-2014 | -$2,428.00 |
| 290 | Additional tax assessed 29254-457-96101-4 | 20141005 | 03-24-2014 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 03-04-2014 | $0.00 |
| 971 | Collection due process levy (hearing) request or levy and lien ( hearing) request received | | 03-27-2014 | $0.00 |
| 971 | Collection due process request received timely | | 03-27-2014 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 03-27-2014 | $0.00 |

This Product Contains Sensitive Taxpayer Data

# **EXHIBIT S**

# Internal Revenue Service
## United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

Request Date: 10-30-2014
Response Date: 10-30-2014
Tracking Number: 100217376008

Account Transcript

FORM NUMBER: CIVIL PENALTY          TAX PERIOD: Dec. 31, 2010

TAXPAYER IDENTIFICATION NUMBER:          ████████

ROBERT VOGLER
42 BOULDER HILL RD
RIDGEFIELD, CT 06877-5002-429

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:          55,399.76
ACCRUED INTEREST:          1,978.74          AS OF: Nov. 10, 2014

ACCOUNT BALANCE
  PLUS ACCRUALS
  (this is not a
  payoff amount):   57,378.50

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|----------------------------|-------|------|--------|
| 240 | Miscellaneous penalty<br>29251-224-13502-3 | 20133405 | 08-12-2013 | $13,000.00 |
| 290 | Additional tax assessed - quick assessment<br>29251-224-13502-3 | 20133405 | 08-12-2013 | $0.00 |
| 240 | Miscellaneous penalty<br>29251-224-13503-3 | 20133405 | 08-12-2013 | $52,000.00 |
| 290 | Additional tax assessed - quick assessment | 20133405 | 08-12-2013 | $0.00 |

29251-224-13503-3

| 196 | Interest charged for late payment | 20133405 | 09-09-2013 | $149.76 |
| 670 | Payment | | 09-13-2013 | -$1,950.00 |
| 670 | Payment | | 09-13-2013 | -$7,800.00 |
| 290 | Additional tax assessed<br>29254-457-96102-4 | 20140905 | 03-17-2014 | $0.00 |
| 971 | Tax period blocked from automated<br>levy program | | 03-17-2014 | $0.00 |
| 290 | Additional tax assessed<br>29254-457-96103-4 | 20141005 | 03-24-2014 | $0.00 |
| 971 | Collection due process Notice of<br>Intent to Levy -- issued | | 03-04-2014 | $0.00 |
| 971 | Collection due process levy<br>(hearing) request or levy and lien (<br>hearing) request received | | 03-27-2014 | $0.00 |
| 971 | Collection due process request<br>received timely | | 03-27-2014 | $0.00 |
| 520 | Bankruptcy or other legal action<br>filed | | 03-27-2014 | $0.00 |

This Product Contains Sensitive Taxpayer Data