# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT W. VOGLER | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff | : | 3:14 CV 00928 (JCH) |
| | : | |
| V. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Defendant | : | NOVEMBER 2, 2014 |

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

The plaintiff, Robert W. Vogler ("Plaintiff" or "Mr. Vogler"), submits this memorandum of law in support of his *Motion for Leave to Amend Complaint* (the "Motion") filed concurrently herewith.

## I.    INTRODUCTION

The Court should permit Plaintiff to amend his complaint to add a second count to clarify that the Court has subject matter jurisdiction under the 26 U.S.C. §§ 6532 and 7422.[1]  The Tax Code affords the United States District Courts jurisdiction to hear claims for the refund of taxes paid where (a) a claim for refund has been pending with the Internal Revenue Services ("IRS") for more than six months, (b) the tax has been paid and (c) the lawsuit is filed not more than two years after the payment of the tax.  Here, Plaintiff has met these requirements.

Because the defendant, United States of America (the "USA"), has moves to dismiss the instant lawsuit claiming it was not timely filed under the provisions of § 6694(c)(2) (concerning refunds of tax penalties assessed under § 6694(a)), §§ 6532 and 7422 provide this Court with an

---

[1] Unless otherwise stated, all statutory references are to Title 26 of the United States Code, 26 U.S.C. § 1 *et seq.* (the "Code" or "Tax Code")

alternate basis for subject matter jurisdiction.  Amending a complaint is appropriate where doing so removes a reason to dismiss the complaint for a procedural reason.

## II.    FACTS AND BACKGROUND

### A.    Procedural History

On June 26, 2014 Plaintiff filed this lawsuit seeking refund of tax penalties paid pursuant to § 6694(c).  On October 3, 2014, the USA filed its *Motion to Dismiss for Lack of Subject Matter Jurisdiction* (the "Motion to Dismiss," doc. #14).

On October 31, 2014, Plaintiff filed his *Objection* and *Memorandum of Law in Opposition to Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant, United States of America* (doc. ##21, 21-1, "Plf. Mem. Op. Dismissal") to the USA's Motion to Dismiss.  One of the arguments raised by Plaintiff in Plf. Mem. Op. Dismissal, was that the penalties assessed were a "divisible tax."  Accordingly, Plaintiff now seeks leave to amend his complaint to add a second court to clarify that he is seeking a refund pursuant to both § 6694(c)(2) [count one] and generally applicable law for seeking tax refunds pursuant to §§ 6532 and 7422.  A redlined version of the proposed Amended Complaint is attached hereto as Exhibit A.

### B.    Factual Background

The facts of this case are detailed in Plf. Mem. Op. Dismissal at § II, which is incorporated by reference herein.  By way of brief background, Plaintiff initiated this lawsuit to obtain a redetermination and refund of tax penalties assessed by the Internal Revenue Service ("IRS") and partially paid by Plaintiff.  Plaintiff asserts the IRS was without authority or cause to assess the penalties, related to Mr. Vogler's preparation of tax returns for certain clients who owned so-called "S-Corps."

## III.    LAW AND ARGUMENT

### A.    Amending Complaints in Response to Motions to Dismiss Generally

Pursuant to Fed. R. Civ. P. 15(a)(1)(B): "[t]he plaintiff may amend his complaint once, as a matter of course, within twenty-one days after a motion to dismiss is filed." *Henderson v. Williams*, 2013 WL 995624, at *1 (D. Conn. Mar. 13, 2013). "A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings. *Advisory Comments to 2009 Amendments to* Fed. R. Civ. P. 15.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[w]hen a party requests leave to amend his complaint, permission generally should be freely granted. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013); Charles Alan Wright, et al. *Purpose and Scope of Rule 15(a)*, 6 Fed. Prac. & Proc. Civ. § 1473 (3d ed. supp. 2014) ("Rule 15(a) complements the liberal pleading and joinder provisions of the federal rules by establishing a time period during which the pleadings may be amended automatically and by granting the court broad discretion to allow amendments to be made to the pleadings after that period has expired. Rule 15(a) therefore reinforces one of the basic policies of the federal rules—that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits.")

In this case, Plaintiff's Motion has not been filed within the 21 day period of Fed. R. Civ. P. 15(a)(1)(B). However, the proposed Amended Complaint is filed for the same purpose – to avoid the Court having to decide the USA's Motion to Dismiss. Accordingly, the proposed Amended Complaint should be allowed.

B.    **Leave to Amend Should be Granted**

Because a tax penalty assessed under § 6694(a) is an amalgamation of separate penalties concerning separate events, it is a divisible tax.  To confer refund jurisdiction on this Court, Plaintiff needed only pay one divisible amount of the penalty attributed to each alleged failure before filing a refund claim and instituting a refund suit.  Currently Count One of the Complaint requests a refund pursuant to § 6694(c)(2).  Plaintiff now seeks to add a second count to clarify that this Court also has refund jurisdiction pursuant to generally applicable rules concerning refund jurisdiction for divisible taxes.

"The hallmark of a divisible tax is that the gross tax imposed is composed of the accumulation of discrete assessments based on separate underlying transactions, rather than being one assessment flowing from a single underlying event." *Chief Counsel Advice Mem. 2013-15017* at 2 (Dec. 12, 2012) (the "*Section 6721 and 6722 Penalty Guidance*").  When a tax is *divisible* "only a portion of the tax must be paid before a [refund] claim is filed." *Id.*

In the *Section 6721 and 6722 Penalty Guidance* the IRS analyzed tax penalties assessed under §§ 6721 and 6722, concerning penalties for failure to file correct informational returns (§ 6721) and payee statements (§ 6722).  There, the IRS assessed penalties against the taxpayer for not filing Form 1099s for payments made for non-employee compensation, and not meeting registration requirements regarding its check cashing business.  Under both §§ 6721 and 6722 (like § 6694), the IRS may assess penalties based on each discrete violation of the statutes and for negligence and willful disregard.  *Id.*

Determining that penalties under §§ 6721 and 6722 were divisible, the IRS Office of Chief Counsel reasoned that:

4

> [1] each [penalty] assessment is imposed with respect to a distinct
> failure that is a separate 'transaction' for purposes of the penalty…
> [2 the] penalties [are] applied on a per-failure basis, but the amount
> of the penalty applicable to each failure is adjusted based on the
> circumstances surrounding the individual failure… [and 3 a]
> reasonable cause waiver [is] applicable [which] shows that these are
> transaction-based penalties.

*Section 6721 and 6722 Penalty Guidance* at 3.  Thus, where a penalty assessment is composed of

discrete parts, it is divisible and only one portion of each assessment need be paid to confer

refund jurisdiction: "[i]n such cases, the taxpayer may pay the full amount on one transaction,

sue for a refund for that transaction, and have the outcome of this suit determine his liability for

all the other, similar transactions. The paradigm is excise taxes: If you're assessed $100 for each

of a thousand widgets, you can pay $100-the whole tax on one of the widgets-and then go to

court." *Korobkin v. United States*, 988 F.2d 975, 976 (9th Cir. 1993) (explaining how the

divisible payment rule works).  *Spivak v. United States*, 370 F.2d 612, 614 (2d Cir. 1967)

(adopting divisible tax rule as to trust fund recovery penalties) (*citing*, *Steele v. United States*,

280 F.2d 89 (8th Cir. 1960).  The divisible tax rule is an exception to the Anti-Injunction Act and

"full payment rule" of *Flora v. United States*, 362 U.S. 145, 80 S. Ct. 630, 4 L. Ed. 2d 623

(1960).

Here, applying the *Section 6721 and 6722 Penalty Guidance* and case law concerning the

divisible tax rule, it is clear that penalties assessed under § 6694 are divisible.  Therefore, the

Court has jurisdiction under the divisible tax rule.  First, a penalty under § 6694(a) is assessed

"with respect to the return or claim."  In Mr. Vogler's case, the IRS assessed penalties under §

6694(a) with respect to thirteen separate returns for two separate tax years, 2009 and 2010.  The

*Section 6721 and 6722 Penalty Guidance* is directly on point with respect to this factor.  Second,

the penalties are assessed on a "per failure" basis.  Each penalty is assessed and determined as to

each return that is filed, without reference to other returns, based on the information reported in each particular tax return.  Finally, § 6694(a)(3) contains a reasonable cause exception.  Thus, § 6694 penalty assessments are virtually identical to those made under §§ 6721 and 6772 and constitute divisible taxes.[2]

Because the § 6694 penalty assessment is a divisible tax, the Court has refund jurisdiction, since Plaintiff paid at least one penalty portion of each of the four assessments.  For the Court to have jurisdiction, Plaintiff would have had to make four separate payments, two for $1,000 and two for $5,000.  Plaintiff actually made two payments for $1,950 and two payments for $7,800.  Having paid "the divisible amount of the penalty attributable to a single failure," Plaintiff has met the requirements for conferring refund jurisdiction on the Court pursuant to §§ 6532 and 7422 prior to initiating the instant litigation.

Under §§ 6532 and 7422, a taxpayer must file a refund request and wait at least six months thereafter before initiating a refund lawsuit in United States District Court, unless the refund is denied prior to the six month period.  Section 6532(a).  Once the refund request is denied, or the six month period expires, the taxpayer must bring suit within two years after the refund request was filed.  *Id*; 26 C.F.R. § 301.6532-1(a) and (b).  "[T]he claim for refund must include each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof."  I.R.M. § 34.5.2.1(3).  However, refund requests need not be on a particular form and may be informal.  *Id.* at (4).  "The IRS can treat a taxpayer's claim on an improper form or a claim as an informal claim for refund."  *Id.* at (5).

---

[2] "While an argument might be made that the 'total amount imposed' becomes a single lump sum rather than based on separate underlying transactions, this argument is without merit." *Section 6721 and 6722 Penalty Guidance* at 3.

Here, Plaintiff waited the requisite six months prior to filing this lawsuit and did so within the two-year limitation period.  Accordingly, Plaintiff has met all of the legal requirements for seeking a refund of a divisible tax.  Thus, permitting amendment is appropriate.[3]

## IV.     <u>CONCLUSION</u>

The Court should grant this motion and allow amendment of the Complaint as set forth in <u>Exhibit A</u> and enter such other relief as is just and proper.

THE PLAINTIFF: Robert W. Vogler

By:     _/s/ Jeffrey M. Sklarz_____
Jeffrey M. Sklarz (ct20938)
Green & Sklarz LLC
700 State Street, Suite 304
New Haven, CT 06511
(203) 285-8545
Fax: (203) 823-4546
jsklarz@gs-lawfirm.com

---

[3] The USA may make an argument that the payments made by Mr. Vogler were already allocated to payment of § 6694(a) penalties and cannot be applied to payment of a divisible tax.  If made, this argument would fail.  The case of *Humphrey v. United States*, 854 F. Supp. 2d 1301, 1305 (N.D. Ga. 2011) addressed a similar issue (concerning a tax assessed for abusive tax shelters under § 6703) and found jurisdiction under the divisible tax rule despite not having jurisdiction under the more specific § 6703 penalty regime, which parallels that of §6694.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a copy of the foregoing was served by CMECF and/or mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


Date:   November 2, 2014                         /s/ Jeffrey M. Sklarz

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ROBERT W. VOGLER                    :        CIVIL ACTION NO.
                                    :
              Plaintiff             :
                                    :
v.                                  :
                                    :
UNITED STATES OF AMERICA            :
                                    :
              Defendant             :        JUNE 26NOVEMBER 2, 2014

### AMENDED COMPLAINT

The plaintiff, Robert W. Vogler ("Plaintiff"), hereby brings this amended complaint for

refund of payment concerning tax related penalties and redetermination of tax related penalties

against the United States of America ("Defendant"), upon information and belief, as set forth

below:

### PARTIES

1.      The plaintiff, Robert W. Vogler (the "Plaintiff"), is a resident of the State of

Connecticut with a place of residence at 42 Boulder Hill Road, Ridgefield, Connecticut.

2.      The defendant, United States of America ("Defendant"), is the proper party in

interest for seeking refund of monies paid to the Internal Revenue Service (the "IRS").

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1346(a)(1) and 26 U.S.C. §§ 6694(c)(2), 6532 and 7422.

4.      This Court has personal jurisdiction and venue over this matter as Plaintiff is a

resident of the State of Connecticut.  Defendant is amenable to service of process pursuant to

Fed. R. Civ. P. 4(i).

1

**EXHIBIT A**

<u>**COUNT ONE:**</u>
<u>**Claim for Refund and Redetermination of Tax Penalty Pursuant to 26 U.S.C. § 6694(c)(2)**</u>

5.      Plaintiff is an accountant who is registered with the IRS to file tax returns on behalf of clients.

6.      Plaintiff provides tax preparation services through his company, RWV Management Corporation ("RWV").

7.      In 2009 and 2010 Plaintiff, through RWV, prepared the Form 1120S Federal Income Tax Returns ("Form 1120S") for Core Value Coaching, Newtown Traders Inc., New England Tree Inc., Customer Marketing Group LLC, Northeastern Supply LLC, Robert A. Pote Inc., Able Painting & Restoration LLC, JRS Remodeling LLC, Svenmedia Productions LLC, RT Builder Inc., Law Officers of Patrick Walsh LLC, Thomas A. Yates Stonework LLC, and Top Notch Painting LLC (the "Tax Preparation Clients").

8.      All of the Tax Preparation Clients were taxes as so-called "subchapter-S" corporations.

9.      Plaintiff did not assist and/or consult with the Tax Preparation Clients with preparation of quarterly tax returns, such as a Form 941 employment tax return.

10.      As is typical in the industry, the Tax Preparation Clients would come to Plaintiff *after* the end of the applicable tax year for preparation of their Form 1120S by March 15th (or September 15th, if an extension was filed) for the applicable tax year.

11.      Plaintiff correctly reported information provided to him by the Tax Preparation Clients on the Form 1120S for each Tax Preparation Client.

12.      On or about November 19, 2012, the IRS issued an Examination Report and proposed assessing a tax return preparer penalty pursuant to 26 U.S.C. § 6694(a) in the amount

of $1,000 per return, for understatement of tax due to an unreasonable position, and 26 U.S.C. § 6694((b) in the amount of $4000 per return, for understatement of tax due to a willful or reckless conduct.

13.     In summary, the Examination Report explains that the IRS assessed return preparer penalties because the IRS believed that Plaintiff should have required the Tax Preparation Clients to take a "reasonable salary" as employees of subchapter-S corporations.

14.     The IRS took this position even though the Tax Preparation Clients did not provide Plaintiff with information that they had paid themselves a salary during each applicable tax year.

15.     Plaintiff had always advised *all* of the Tax Preparation Clients that shareholder-employees must take reasonable salaries, including by way of written materials.

16.     Thereafter, Plaintiff protested and appealed the proposed assessment.

17.     The IRS denied the appeal.

18.     Thereafter, pursuant to 26 U.S.C. § 6694(c), Plaintiff paid fifteen (15%) percent of the penalty assessed and requested a refund thereof (the "Refund Request").

19.     By letter dated May 29, 2014, the IRS denied the Refund Request.  (A copy of the denial of the Refund Request is attached hereto as Exhibit A.)

20.     The IRS' assessment of the above referenced tax return preparer penalties pursuant to 26 U.S.C. §§ 6694(a) and 6694(b) (the "Penalties") were improperly assessed, and/or the Refund Request was improperly denied, for one or more of the following reasons:

         a.     The tax returns prepared for the Tax Preparation Clients were correct as filed based on the information provided by each client;

3

       b.     The IRS cannot require a tax preparer, such as Plaintiff, to create a "reasonable salary" for the shareholder-employee of a subchapter-S corporation after the close of the applicable tax year as only the IRS can make such determinations;

       c.     The IRS improperly applied 26 U.S.C. §6694(a and/or b) to require the assessment of tax preparer penalties;

       d.     The IRS failed to consider and apply the facts to the law; and

       e.     The IRS failed to otherwise apply the provisions of 26 U.S.C. § 6694 in an appropriate manner.

21.     As a direct and proximate result of the acts, conduct and/or omissions of the IRS, Plaintiff has been caused to suffer harm and damages.

22.     Therefore, Plaintiff is entitled to redetermination of the assessment of the Penalties and/or abatement of the of the Penalties and/or a refund, plus interest, of the amounts paid with respect to the Penalties.

**COUNT TWO:**
**Claim for Refund and Redetermination of Tax Penalty**
**Pursuant to 26 U.S.C. §§ 6532 and 7422**

23.     Paragraphs 1 through 19 of the Complaint are incorporated by reference as the corresponding paragraphs of this Count, as if fully set forth herein.

24.     The IRS' assessment of the above referenced tax return preparer penalties pursuant to 26 U.S.C. §§ 6694(a) and 6694(b) (the "Penalties") were improperly assessed, and/or the Refund Request was improperly denied, for one or more of the following reasons:

       a.     The tax returns prepared for the Tax Preparation Clients were correct as filed based on the information provided by each client;

4

**Formatted:** Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Indent at: 0.5"

b.     The IRS cannot require a tax preparer, such as Plaintiff, to create a "reasonable salary" for the shareholder-employee of a subchapter-S corporation after the close of the applicable tax year as only the IRS can make such determinations;

c.     The IRS improperly applied 26 U.S.C. §6694(a and/or b) to require the assessment of tax preparer penalties;

d.     The IRS failed to consider and apply the facts to the law; and

e.     The IRS failed to otherwise apply the provisions of 26 U.S.C. § 6694 in an appropriate manner.

25.     As a direct and proximate result of the acts, conduct and/or omissions of the IRS, Plaintiff has been caused to suffer harm and damages.

26.     Tax penalties assessed under 26 U.S.C. § 6694 are "divisible taxes."

27.     Plaintiff has complied with the requirements of 26 U.S.C. §§ 6532 and 7422 by:

a.     Paying at least one penalty portion of each of the four assessments made by the IRS, in particular by, on September 10, 2013, making four (4) separate payments (the "Payments") and filing four (4) separate refund requests (the "Refund Requests"): (a) $1,950 toward the 2009 negligence related penalty (DLN x13500); (b) $7,800 toward the 2009 willful and reckless conduct related penalty (DLN x13501); (c) $1,950 toward the 2010 negligence related penalty (DLN x13502); and (d) $7,850 toward the 2010 willful and reckless conduct related penalty (DLN x13503);

b.     Making a his Refund Requests with the IRS;

c.     Waiting at least six (6) months prior to initiating this lawsuit; and

d.     Initiating this lawsuit within two (2) years of making the Payments and filing the Refund Requests.

**Formatted:** Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Indent at: 0.5"

28.     Therefore, Plaintiff is entitled to redetermination of the assessment of the Penalties and/or abatement of the of the Penalties and/or a refund, plus interest, of the amounts paid with respect to the Penalties.

1.

**Formatted:** Normal,  No bullets or numbering

6

**WHEREFORE**, Plaintiff pray for the following relief:

1.      Redetermination of the assessment of the Penalties;

2.      Abatement of the Penalties;

3.      Refund of the payments made with respect to the penalties;

4.      Interest;

5.      Attorneys' fees; and

6.      Such other relief as the Court may deem just and proper.


                          THE PLAINITFF: Robert W. Vogler


                  By:    /s/ Jeffrey M. Sklarz
                         Jeffrey M. Sklarz (ct20938)
                         Eric L. Green (ct27451)
                         Green & Sklarz LLC
                         700 State Street, Suite 304
                         New Haven, CT 06511
                         (203) 285-8545
                         Fax: (203) 823-4546
                         jsklarz@gs-lawfirm.com

7

# UNREPORTED CASES

2013 WL 995624
Only the Westlaw citation is currently available.
United States District Court,
D. Connecticut.

Daniel HENDERSON, Plaintiff,
v.
WILLIAMS, et al., Defendants.

No. 3:12–cv–489 (VLB). | March 13, 2013.

**Attorneys and Law Firms**

Daniel Henderson, Uncasville, CT, pro se.

Katherine E. Rule, Martha Anne Shaw, Howd & Ludorf,
Hartford, CT, for Defendants.

*RULING DENYING MOTION TO DISMISS [DOC.
13], DENYING PLAINTIFF'S MOTION TO AMEND
AND JOIN [DOC. 15], AND GRANTING MOTION TO
DISMISS [DOC. 21]*

VANESSA L. BRYANT, District Judge.

**\*1** This ruling considers two motions to dismiss filed by
the defendants as well as a motion to amend and join filed
by the plaintiff.

### I. Background

The plaintiff, currently incarcerated at the
Willard–Cybulski Correctional Institution in Enfield,
Connecticut, along with his brother, David Henderson,
commenced this civil rights action in state court against
defendants Williams, Baustein and the Meriden Police
Department asserting claims of false arrest. The
defendants removed the case from state court to this court.

On June 4, 2012, the court dismissed all claims asserted
by David Henderson under the prior pending action
doctrine. [Doc. 11]. On June 29, 2012, the defendants
filed a motion to dismiss the original complaint under the
prior pending action doctrine on the ground that Daniel
Henderson also filed prior federal court actions,
*Henderson v. Williams,* No. 3:10cv1621(MRK) and
*Henderson v. Williams,* No. 3:11cv755(MRK), as well as

other actions together with his brother in state and federal
court. [Doc. 13]

In response to the motion to dismiss, Daniel Henderson
filed a motion seeking to amend his complaint and join
the action with 3:10cv1574 (VLB),[1] a prior action filed by
David Henderson. [Doc. 15]. The defendants objected to
the motion on the ground that the plaintiff failed to attach
a proposed amended complaint. [Doc. 19].

On July 10, 2012, Daniel Henderson filed an amended
complaint. [Doc. 18]. He alleges that in March 2009, he
took possession of business property under operation of a
March 2007 lease with an option to purchase. In May
2009, the defendant used a fabricated letter referencing
third-party hearsay information to close the business.
Daniel Henderson contends that the defendants interfered
with his right to make and/or maintain a beneficial
contractual relationship in violation of the First
Amendment, violated his right to pursue a lawful living in
violation of the Fourteenth Amendment and violated
various state law rights. In this amended complaint, the
plaintiff has abandoned his claims for false arrest.

### II. *First Motion to Dismiss and Motion to Amend*

The plaintiff may amend his complaint once, as a matter
of course, within twenty-one days after a motion to
dismiss is filed. Fed.R.Civ.P. 15(a)(1)(B). Daniel
Henderson timely filed his amended complaint. In light of
the amended complaint, the defendants' motion to dismiss
the original complaint is DENIED AS MOOT. The
plaintiff's motion to amend also is MOOT.

The plaintiff seeks to join this action with another case
filed by his brother. He states that he is complying with
the Court's order. The Court previously stated that David
Henderson's claims for false arrest appeared to be a
continuation of the claims he asserted in his prior federal
action. The Court made no such determination regarding
the claims asserted by Daniel Henderson and any false
arrest claims asserted by Daniel Henderson were
abandoned with the filing of the amended complaint.

**\*2** The plaintiff appears to be seeking consolidation of the
two cases. The court has the discretion to consolidate
cases that involve a common question of law or fact.
Fed.R.Civ.P. 42(a). The amended complaint asserts
claims in interference with Daniel Henderson's right to
enter a contractual relationship and earn a living. These
claims are different from the claims asserted by David

Henderson in the referenced action. The Court concludes that consolidation of the two cases will not facilitate resolution of the matters. The request to join this case with Case No. 3:10cv1574 is DENIED.


## III. *Second Motion to Dismiss*

The defendants move to dismiss the amended complaint under the prior pending action doctrine. They argue that the plaintiff already has commenced actions in state court and federal court encompassing the events giving rise to this action, *Daniel Henderson & David Henderson v. State of Connecticut, et al.,* No. NNH CV–aa–5033994–S and *Daniel Henderson & David Henderson v. City of Meriden, et al.,* No. 3:11cv1174(MRK).

A district court may stay or dismiss a suit that is duplicative of another federal court suit as part of its general power to administer its docket. *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir.2000). A party has no right to maintain two lawsuits against the same parties in the same court at the same time. *Id. at 139.* When it is possible that, through amendment, each action may contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored. *See Hammett v. Warner Brothers Pictures, Inc.,* 176 F.2d 145, 150 (2d Cir.1949); *Gyadu v. Hartford Ins. Co.,* No. 3:96cv1755 (D.Conn. Apr. 21, 1997) (Squatrito, J.) (dismissing case under "prior pending action doctrine" where plaintiff could raise all causes of action by amended complaint in his first action), *aff'd,* 133 F.3d 907 (2d Cir.1998). In determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions. *See Connecticut Fund for the Environment v. Contract Plating Co.,* 631 F.Supp. 1291, 1293 (D.Conn.1986). The prior federal action references the May 2009 incident that the plaintiff characterizes as the basis for his claimed violation of federal rights. Thus, the Court concludes that the plaintiff could amend the prior action to include the claims raised in the amended complaint. The defendants' second motion to dismiss is GRANTED.

The defendants also identify a pending state case. Where the prior action is a state court action, the court considers the motion under the doctrine of abstention. *See Overton v. Gonzalez,* No. 3:07CV1110(AWT), 2008 WL 1846319, at *1 (D.Conn. Apr. 24, 2008). The Supreme Court has identified principles that may be applied "in situations involving the contemporaneous exercise of concurrent jurisdictions." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). These principles encourage "conservation of judicial resources and comprehensive disposition of litigation." *Id.* In deciding whether abstention is proper, the court balances several factors: (1) the assumption of jurisdiction over any res or property by either court; (2) the inconvenience of the federal forum; (3) avoidance of piecemeal litigation; (4) the order in which the cases were filed; (5) the source of law supplying the rule of decision; and (6) whether the state court proceedings will adequately protect the rights of the party seeking federal court jurisdiction. *See Village of Westfield v. Welch's,* 170 F.3d 116, 121 (2d Cir.1999).

**\*3** In this case, there is no *res* or property over which either court has obtained jurisdiction. The federal court is no more or less convenient that the state court to litigate the matter. The state court action was filed first. While federal law would control the ultimate decision whether the plaintiff's First or Fourteenth Amendment rights were violated, the determination of whether the plaintiff had a contractual relationship, the property interest underlying the Fourteenth Amendment claim and all of the supplemental state law claims would be decided by state law. In addition, the plaintiff commenced this case in state court. It was removed to federal court by the defendants. Given the plaintiff's initial choice of forum, the heavy reliance on state law and the fact that the state action was commenced first, the court concludes that abstention in this case would avoid piecemeal litigation and be proper in favor of the state court action.


## IV. *Conclusion*

The defendants' first motion to dismiss [Doc. # 13] is DENIED as moot. The plaintiff's motion to amend and join [Doc. # 15] is DENIED. The defendants' second motion to dismiss [Doc. # 21] is GRANTED. The Clerk is directed to enter judgment and close this case.

IT IS SO ORDERED.


Footnotes

1       The motion references this case as 3:10cv154(VLB). Case number 154 is assigned to a different judge and was not filed by David

Henderson. The court has substituted the correct case number.

---